. United States Fidelity & Guaranty Co. *v.* Jackson et al.

[86 South. 456. No. 21327.]

1. Appeal and Error. *Practice on appeal by one judgment defendant without joining codefendant stated.*
Under section 43, Code of 1906 (Hemingway's Code, section 19),

where one defendant appeals by giving *supersedeas* bond, a summons should issue to the other judgment defendants before proceeding to final hearing of the appeal, and, if the appellant does not do so, the appellee should have summons issued or move to dismiss the appeal for the failure to have summons issued. Until such summons is issued and such defendant not so summoned fails to join in such appeal, the *supersedeas* obtained by the first appellant will supersede all proceedings on- the judgment.

2. INJUNCTION.  *Damages and attorney's fees on dissolution held not allowable.*

Where an injunction was rightfully sued out to prevent the issuance of an execution on a judgment superseded by appeal proceedings, and where the cost and judgment appealed from was paid and satisfied with reasonable promptness on the termination of appeal proceedings, it is error to allow damages and attorney's fees for filing an answer and motion to dissolve the injunction.

APPEAL from chancery court of Hinds county.

HON. L. F. EASTERLING, Chancellor.

Suit by the United States Fidelity & Guaranty Company against Ed. Jackson and others for an injunction. From an adverse decree, complainant appeals. Reversed and rendered.

*Wm. M. Hall,* for appellant.

The chancellor's holding that the injunction was rightfully sued out was correct because the appeal of the lumber company necessarily suspended the judgment creditor's rights against the surety in a judgment in replevin, since the judgment against the surety was to pay the value of logs only in event its principal did not return the logs, and the principal's obligation to return the logs was suspended by its appeal. There appears to be no Mississippi case ruling upon a similar state of facts, but such a state of facts is ruled upon in a Texas case, *Wren* v. *Peel,* 64 Texas, 374, upon principles laid down at an early date by the supreme court of Mississippi. In the Texas case there had been a judgment recovered against

the principals and their sureties, and the principals and some of their sureties appealed with *supersedeas*, and an execution pending the appeal was sued out against one of the sureties who had not joined in the appeal and his land was sold thereunder and a controversy arose between the purchaser at that sale and one claiming title otherwise, and the court held that the judgment could not, pending the principals' appeal, be enforced against a surety not joining in the appeal. Brandt on Suretyship, 27; Fell on Suretyship, 433; *M. & M. Bank* v. *Bank of Pennsylvania*, 7 Watts & Serg., 335; Pasch Dig, 5100; *Parnell* v. *Hancock*, 48 Cal. 455.

The principle upon which that decision is predicated, to-wit: that a judgment does not destroy the relationship of principal and surety and convert a surety into a principal, was, as stated, laid down at an early period by the court. *Davis* v. *Mickell,* 1 Tr. Ch., 548, 570, and *Newell* v. *Ramer,* 4 Miss., 684. In the latter case the suretyship was upon a replevin or forthcoming bond.

It seems also settled in this state as a general proposition that a surety is not a necessary party to his principal's appeal. *Jayne* v. *Lumber Co.*, 108 Miss. 449. It must follow from that rule that the principal's *supersedeas* necessarily suspended the creditor's rights against the surety. It was upon these authorities that the court below held that the injunction was rightfully sued out. The case then presents as the principal if not the sole question whether damages should be assessed when an injunction rightfully ued out is dissolved.

There may be cases where an injunction rightfully sued out would at the termination of a litigation have to be dissolved, but that does not under the authorities seem to determine complainant's liability for damages. The liability for damages turns it seems upon the question whether the injunction was rightfully sued out. If one's rights entitled him to the intervention of equity with an injunction, the result of the exercise of that right, al-

though some damage flows to the defendant, would simply present a case of *damnum absque injuria.*

No argument, however, is needed in Mississippi upon that proposition for it has been settled in *Burroughs v. Jones,* 79 Miss., 214. In that case the complainant was entitled to his injunction when it was sued out, and only because of subsequent developments was the situation changed just as here, and the court held that his right to the injunction at that time determined, saying: "We think, however, that the court erred in giving any damage to Jones on the injunction bond of Burroughs because when he sued out his injunction, his right thereto was undeniable."

Appellees' collection of the judgment never did depend upon the dissolution of the injunction. There were others liable ahead of this appellant for the amount of the judgment, namely, its prnicipal, the lumber company, and two later sureties, namely, the bond company signing the lumber company's *supersedeas* bond in connection with the appeal from the supreme court of Mississippi to the supreme court of the United States, and the bond company signing the *supersedeas* bond in connection with the lumber company's appeal from the circuit court of Coahoma county to the supreme court of Mississippi. It is fundamental that primary liabilities rest on the last surety. *Moore v. Lassiter,* 16 Lea (Tenn.) 629, 633; *Chester v. Broderick,* 131 N. Y. 549; *Shannon v. Dodge,* 17 Colo. 164; *Becker v. People,* 164 Ill. 267; *Coonradt v. Campbell,* 29 Kan. 391; *Boza v. Milliken,* 4 Ky. L. Rep. 700.

It was not shown that when the motion was filed or at the hearing that the judgment was not collectible from the principal or either of said latter sureties.

If the judgment had been collectible only from this appellant, there would have been no necessity for dissolving the injunction after the supreme court of the United States had affirmed and remanded the cause, because appellant's injunction was to restrain the collec-

tion of the judgment only until the supreme court of the United States had passed upon the lumber company's appeal.

The fact that appellees, through their attorneys, had received payment of the judgment, damages and interest before the hearing and the clerks of the several courts had received their costs, made it wholly unnecessary to dissolve the injunction.

Appellee's motion, therefore, was certainly unnecessary and the cost thereof cannot be made the predicate for a claim for damages even if liability for damages turned upon the necessity for dissolution instead of the rightfulness of the injunction.

Appellees really suffered no damage since they collected the full amount of their judgment, damages, interest and court costs. The chancellor should have denied the motion, and because the injunction had been rightfully sued out, taxed appellees with the costs. The decree of the chancery court, therefore, should be reversd, and a decree entered here for appellants, taxing appellees with the costs below and the costs here.

*Green & Green,* for appellee.

.The lumber company gave a forthcoming bond upon which the surety company for full value to it paid, undertook to have forthcoming the logs which were the subject of the original replevin suit, which logs were, in virtue of such bond, taken by appellant and converted, so that when judgment was finally rendered, by reason of the re-delivery of the property to the lumber company, it had ceased to exist, and on that date there was a judgment against both the lumber company and the surety company.

As was said in *Thomas* v. *Wyatt,* 17 Miss. 307, by this court: "The action was replevin, brought by *Thomas* v. *Wyatt,* the verdict was for the defendant and the court rendered judgment as the statute requires, against the

plaintiff, and his sureties in the bond for the amount of the verdict. There were two sureties, but Thomas alone sues out the writ of error which writ recited a judgment against Thomas in favor of Wyatt. The record returned shows a judgment against Thomas and Landsdale and Byran became parties to the judgment. It is against the three parties as a joint judgment, and of course they should be joined in the writ of error." See *Jayne v. Nash,* 66 So. 813; *Tardy v. Rosenstock,* 80 So. 1. In code section 2683, as construed in *Steem v. Finley,* 25 Miss. 535, the application of this judgment was both joint and several.

By section 43 of the Code, section 19, Hemingway's Code, it is expressly provided: "Any one or more of the parties to a judgment or decree may appeal therefrom; and if all the parties to a judgment or decree do not join in the appeal, the clerk of the court from which the appeal is taken, shall issue a summons, when the appeal is taken, to such as do not join the appeal to appear before the supreme court, at the return term of the appeal, and unite in the appeal and if they fail to obey the summons, they shall not afterwards have the right to appeal, and the judgment or decree of the court below shall remain in full force against them."

By section 44, the parties in appealing can be summoned by the clerk of this court, and by section 45 are allowed to join in the appeal, but under all circumstances must give bond just as if they had originally appealed; in short, the surety company cannot come before this court as an appellant even though a surety on a forthcoming bond originally, until and unless and except it had executed as a condition precedent a valid *supersedeas* bond, suspending in virtue thereof the effect of the judgment against them personally.

Not only did appellant, the surety company, not pursue the appointed path, but was so derelict as that it allowed the time for appealing from this judgment to expire by limitation.

Under Code sections 43, 44 and 45, there is a right to but one appeal; yet notwithstanding the surety company did not see fit to unite therein nor to appeal within the time allowed by law, and the question now is, whether the surety company having allowed its right to appeal to lapse, by its own laches, can obtain an injunction to remedy the condition brought about by its own default, in not promptly prosecuting its own appeal. The duty to appeal under Code section 43, 44 and 45 is several. The failure to pursue it is a several default and the penalty of not appealing is expressly declared by the legislature to be that the judgment remains in full force and effect.

Appellant wilfully refused to co-ordinate its efforts with the course by law prescribed, and though a necessary party to the judgment appealed from under the common law, did not see fit to exercise its rights. Failing therein appellees might have had the appeal of the lumber company in this court dismissed. *Thomas* v. *Wyatt,* 17 Miss. 307; *Jayne* v. *Nash,* 66 So. 813; *Tardy* v. *Rosenstock,* 80 So. 1. The rule as to the necessity of all parties joining prior to the enactment of the statute was uniformly the same. See *Whitworth* v. *Carter,* 41 Miss. 640; *Green* v. *Bank,* 3 (How.) Miss. 53; *Duvall* v. *Cox,* 5 (How.) Miss. 12; *Barber* v. *Wamzer,* 5 (How.) Miss. 290; *Hoggatt* v. *Ferrell,* 41 Miss. 643; *Sellers* v. *Smith,* 39 So. 356. The only thing that appellee has lost is the right of subrogation in case the judgment was reversed as to the Rust Land and Lumber Company which did not occur.

Had the lumber company or the appellant disclosed either to the learned justice or the chancellor that all of the parties necessary to such relief had not applied, as by law required, this injunction would never have been granted, because it would have affirmatively appeared that no writ of error was validly outstanding, and that it would be dismissed as soon as it was called for hearing. See *Mason* v. *United States,* 136 U. S. 581; *Hardee* v. *Wilson,* 146 U. S. 181; *Haight* v. *Robinson,* 203 U. S. 581; *Feibleman* v. *Packhard,* 108 U. S. 14; *Simpson* v. *Greely,* 20 Wall.

162; *Masterton* v. *Herndon,* 10 Wall. 416. See, especially, *Estes* v. *Trabue,* 128 U. S. 230, where there was a writ of error from this state and the sureties did not join.

So, of necessity, under the uniform rule of this court, as well as of the supreme court of the United States, there could be no suspension by the assumed writ. One special feature of the record disclosed was that there was no such Federal question presented as would authorize a writ of error. The sole method whereby this character of decision when made by this court can be reviewed, was by virtue of a writ of *certiorari.* In this case, note that in the amendment of section 237, Judicial Code, *certiorari* was the only appropriate remedy. In *Philadelphia & Reading Coal & Iron Company* v. *Gilber,* 245 U. S. 162, the court held: Under section 237 of the Judicial Code as amended September 6, 1916 (chap. 448, 39 Stat. at L. 726, Comp. Stat. 1916, section 1914), a final judgment or decree of a state court of last resort in a suit, there is drawn in question the validity of a treaty or statute or, an authority exercised under the United States and the decision is against their validity, or where is drawn the question of a statute of, or an authority exercised under, any state, on the ground of their being repugnant to the constitution, treaties, or laws of the United States, and the decision is in favor of their validity, may be reviewed in this court upon writ of error; but if the suit be one where is drawn in question, the validity of a treaty or statute of, or an authority exercised under, the United States and the decision is in favor of their validity; and where is drawn in question the validity of a statute of, or an authority exercised under, any state, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is against their validity; or where any title, right, privilege, or immunity, especially set up or claimed, by either party, under such constitution, treaty, statute, commision or authority, the judgment or decree can be reviewed in this court only upon a writ of *certiorari.* The difference between two modes of securing a review, as

contemplated by the statute, lies in the fact that a writ of error is granted as of right, while a writ of *certiorari* is granted or refused, in the exercise of a sound discretion. Also *Ireland* v. *Woods,* 246 U. S. 323; *Stadleman* v. *Minor,* 246 U. S. 3, 1, 544; *Cleveland Pacific Railroad* v. *Slocumb,* 246 U. S. 477.

But in addition to this there was no suspension of the judgment of the supreme court of the state of Mississippi so far as this appellant was concerned, as the only judgment at all involved in the attempted review in the federal supreme court to which this appellant was not a party, and which, by its own negligence, had become final, and had become in such a shape as that appellant could under no circumstances become a party thereto, and then when, by its own default, it had precluded such a review, can it demand an injunction?" *Brooks* v. *Shelton,* 47 Miss. 249.

If appellant desired to reverse this judgment it should have exercised its lawful rights. Not even a surety company can wholly disregard that which is being done solemnly by the courts of Mississippi, and then having allowed a default to be entered, avail itself of the right to enjoin. See 22 Cyc. 808. "Where complainant has a right of appeal in the suit sought to be enjoined, and the injustice complained of can be redressed on such appeal, the action will not be enjoined, especially where a stay of proceedings pending the appeal can be obtained," citing many cases.

Also in 22 Cyc. 774, it is laid down that parties' negligence in pursuing legal remedies is no excuse for invocation of equitable interposition, and on page 775 it is expressly declared that a remedy by appeal precludes the granting of an injunction. So when appellant was unmindful of the rights vouchsafed by law, and wholly failed to appeal from the judgment that was final, and did not seek so to do, but allowed the statutes of limitations to make it conclusive, and then did not bring its complaint to this so that it might obtain relief in the federal supreme

court, we submit that its own negligence precluded the relief by way of injunction.

In short, if this injunction were sustained, no necessity for any surety appealing at any time can ever exist, yet, the law provided if they desire relief, they must appeal. Appellant's contention requires the overruling of the Wyatt, the Jayne and the Tardy cases.

When a judgment is rendered in this state against principal and a surety upon a forthcoming bond, such surety forthwith becomes a party to the record and bound jointly and severally with the principal, and execution may be issued against both. It does not appear in this case that the principal had any goods in Mississippi subject to execution. It was a nonresident, but notwithstanding reference is made to a decision from the state of Texas, *Wren* v. *Peal,* 64 Texas, 378, which involved a sale under an execution, and the rights of the creditor here presented were in nowise involved, and in that decision it was expressly declared that it did not in any way seek to overturn the rights of the creditor. Our court does not follow the Texas rule, as will be appreciated by the citation in the Nash case, from Second Cc. 831. Even the Wren case does not militate against our contention when there is no statute in Texas the equivalent of section 43 of our Code. Furthermore, we have a final judgment against both lumber company and surety company, and thereupon without action upon the part of the surety company the lumber company appeals to this court giving as a surety a party not a party to this record, and thereupon the judgment of the circuit court is affirmed by the supreme court as against the lumber company, and thus appellant, not only has not appealed but has so circumstanced itself as by its own negligence to preclude a review of its rights by the federal supreme court, and not having so done, can it vouchsafe the rights in equity which, by its own neglect, it has lost at law? There was no power in any party to vacate the judgment of the circuit court of Coahoma county as to the surety company, who had not appealed when the time therefore by

the law elapsed, and we do demand that the words of the statute shall be interpreted as written, "that the judgment shall remain in full force." To obtain relief the surety company must be vigilant.

The Jayne case does not affect adversely the decisions here advanced, because that decision expressly held the surety a party to the record, and disapproved the line of cases of which *Wren* v. *Peal* is one. See *Tardy* v. *Rosenstock,* 80 So. 1, appellant likewise cited *Davis* v. *Mikell,* Freeman Chancery 570, but that case does not in anywise conflict with conditions here presented. There an execution was levied upon adequate property to vouchsafe a payment of the judgment when this property belonged to the principal debtor. Without consent of the surety this was released, thereafter the sureties' property was sought to be seized and it was held that an injunction would lie, but that case did not involve the loss of a legal remedy by laches, and if appellant desired the judgment against it, it was required to give bond and appeal, not having done so, it must abide the consequences.

The surety company surrendered its rights vouchsafed in equity when it disregarded the mandate of the law. In *Newell* v. *Hamer,* 4 Howard, 693, it is expressly said, it is undoubtedly correct to say, that on a judgment against two, the execution must be against both for it must follow the judgment, we are accordingly of opinion that the surety should have resorted to some other mode to obtain the relief which he claimed."

Here an injunction was sought upon the granting of an extension, but was denied. We submit that one who has, by neglect, lost that which is amply protected by law when one is vigilant, cannot thereafter for his personal convenience overturn the method of procedure prescribed by the legislature.

. Relief against legal wrong is by law predicated upon conformity, to legal principles, and when there is the leaving undone of those things that ought to have been done, then the party becomes a sinner who is not entitled to relief.

Appellant contends that if the injunction is rightly sued out, the fact that it is later dissolved will absolutely not impose liability for wrongful issuance, but that is not this case. The injunction here granted was wrongfully sued out, we think, as has been shown, but upon June 9, 1919, appellant knew that the supreme court of the United States had finally and conclusively dismissed the attempted writ of error, and yet the injunction which appellant had obtained still continued in force, and the injunction writ was so worded as that upon the final determination of the litigation in the supreme court of the United States, the injunction did not cease. Noting the provisions of the injunction thus: "Absolutely refrain from suing out an execution or in any otherwise forcing the complainant to pay the judgment rendered in the circuit court of Coahoma county, Miss., against said complainant and the Rust Land and Lumber Company on December 3, 1913, for the sum of three thousand, six hundred dollars and from any further proceedings against the said complainant touching any of the matters in said bill contained, until our court shall make another order to the contrary.

The sole extent of the injunction, appellant claims, was to tie up the appellees until the litigation in the supreme court of the United States had been determined. When there was a determination thereof, then there was no further right in appellant to continue said injunction, yet notwithstanding this injunction was still in force upon July 12, 1919, more than a month after the cause had been finally dismissed by the supreme court of the United States, and, thereupon appellees filed their answer and moved to dissolve, and it was not until January, 1920, that there was a final dissolution of the injunction which, up to that time, appellant had continued to keep in full force without regard to the fact that a decision had been made, judicially ascertaining that appellant was without right to the injunction. The surety company, who made the injunction, was under obligation not to get out an injunction

that was broader than was necessary to protect its rights, and when it obtained an injunction that was broader than was required, and by reason of this very excess breadth, a dissolution thereof was required; in fine, the injunction must not be broader than the equities of the bill, and when it is broader, and by reason thereof, its dissolution is essential, the party who obtained such injunction is not so situated as to claim that the injunction was not wrongful. In fine, the extent of the injunction must be strictly admeasured by the equities of the bill, and when the admeasurement exceeds these equities, the excess is a wrongful suing out to that extent, and the dissolution thereof is required under the law.

Note the decision in *Somerville* v. *Mayes,* 54 Miss. 31; *Burroughs* v. *Jones,* 79 Miss. 214, does not touch the question at issue, because at no time was there a right to enjoin beyond the date of the final disposition by the federal supreme court in this controversy, yet, notwithstanding all that appellant can claim such an injunction was obtained, and having been obtained, was of necessity wrongfully sued out by reason thereof.

The Rust Land & Lumber Company was nonresident. The surety company that acted on the *supersedeas* bond to the supreme court was insolvent. The only relief obtainable was through the judgment against the appellant, and yet, appellees were wrongfully enjoined from enforcing their judgment when the basis of the injunction had long since ceased to operate. By reason thereof this injunction had long since ceased to operate. By reason thereof this injunction was wrongfully sued out, and as held by the chancery court damages followed therefrom as a matter of course.

Wherefore we respectfully submit the judgment should be affirmed.

Ethridge, J., delivered the opinion of the court.

The appellees brought a suit in replevin against the Rust Land & Lumber Company for certain logs alleged to have

been wrongfully seized by the said lumber company. The lumber company gave a forthcoming bond, and the cause came on for trial, and there was a judgment in favor of the appellees in the circuit court for the return of the logs, or, in the alternative, for the value thereof; the judgment reciting that the appellant in the present case was surety on the forthcoming bond in that case. From this judgment so rendered in the circuit court the Rust Land & Lumber Company took an appeal with *supersedeas* to the supreme court of this state. There was no summons issued by the appellant to the United States Fidelity & Guaranty Company, the surety, a joint judgment defendant, under section 43, Code 1906, to appear and join in the appeal, nor was any summons issued by Jackson and the other appellees to said defendant to join in appeal in this suit. The appeal was heard and the judgment of the lower court was affirmed. Thereupon the Rust Land & Lumber Company applied to a Justice of the United States Supreme Court for a writ of error with the *supersedeas*. On motion in that court the writ of error was dismissed, and thereafter a petition for a rehearing was applied for and the rehearing denied on the ground that the cause was only reviewable by *certiorari*. The mandate from the supreme court of the United States was received and filed in this court on July 24, 1919, and on the 26th of July, 1919, the Rust Land & Lumber Company paid the cost in this court, and on the 28th of July, 1919, it paid the judgment and cost in the circuit court of Coahoma county.

While the cause was pending, the appellees in the present suit served notice on the appellant in this suit that they held said judgment and that the present appellant had not appealed from that judgment and that they had a right to issue execution and collect the same and threatened so to do, unless the same was paid. The United States Fidelity & Guaranty Company took the matter up with the Rust Land & Lumber Company, offering to pay the judgment if that company would agree thereto; but the lumber company refused so to agree, and the injunction in the

present case was sued out. The injunction was served on January 25, 1918, and, on the motions of the defendants, in the present suit the appellees, the cause was continued on the 28th day of May, 1918.

The defendants filed an answer on the 11th day of July, 1919, and a motion made to dissolve the injunction was filed on July 12, 1919. And on the 28th day of January, 1920, decree was rendered by the chancery court in the present suit in which it was adjudged that the injunction was rightfully sued out but was not paid until after answer filed and motion made to dissolve and assess damages, and that, by reason of said fact so adjudged, the defendants were entitled to statutory damages and were assessed damages in the sum of two hundred forty dollars, and seventy-five cents and cost. From which this appeal is prosecuted.

Section 43, Code of 1906, section 19, Hemingway's Code, reads as follows: "Any one or more of the parties to a judgment or decree may appeal therefrom; and if all the parties to a judgment or decree do not join in the appeal, the clerk of the court from which the appeal is taken shall issue a summons, when the appeal is taken, to such as do not join in the appeal to appear before the supreme court, at the return term of the appeal, and unite in the appeal; and if they fail to obey the summons, they shall not afterward have the right of appeal, and the judgment or decree of the court below shall remain in full force against them. If any of the parties not joining in the appeal be nonresidents of this state, the clerk before whom the appeal is taken, or the supreme court, being satisfied thereof, may cause notice of such appeal to be published for three weeks in some public newspaper, citing such nonresident party to appear before said court and join in said appeal; and on proof of publication, the court may proceed as if said party had been served with a summons to join in such appeal. The summons to join in appeal may be issued by the clerk of the supreme court at any time after the transcript shall be received by him, if applied to for it. An order of

the supreme court for such summons shall not be necessary, and publication may be made for any nonresident by said clerk in the same manner as it may be made by the clerk below or by order of the supreme court."

This section has been construed in two recent cases. *Tardy* v. *Rosenstock*, 118 Miss. 720, 80 So. 1, and *Jayne* v. *Nash Lumber Co.*, 108 Miss., 449, 66 So. 813. In *Tardy* v. *Rosenstock* it was held that where a judgment was rendered against several defendants and an appeal taken in which one of the defendants did not join, and for whom no summons was issued requiring him to join in the appeal or lose his right thereafter to appeal, as required by the above section of the Code, the supreme court instead of affirming judgment would either dismiss the appeal or require the statute to be complied with before considering the case, and further held that, where all parties against whom judgment was rendered did not join in appeal and no summons was issued to those not joining as required by the above section, the appellee in order to speed up hearing may have such summons issued.

It appears from this decision that it was improper for the appellant and appellee to to proceed with the case on appeal here without issuing the summons to the defendant in appealing.

The parties, however, did proceed without having the United States Fidelity & Guaranty Company summoned as required by this section, and evidently the court's attention was not directed to, or attracted to, the absence of the defendant in the court here.

In the case of *Jayne* v. *Lumber Co.*, 108 Miss. 449, 66 So. 813, the court held that where a judgment is rendered against the principal and his sureties on a bond the sureties become parties to the judgment, and on appeal therefrom they cannot again act as sureties on the appeal bond. In the course of the opinion the court said:

"The judgment appealed from is a joint judgment against the appellant and the sureties on his appeal bond, and, by executing this bond these parties have simply ob-

tained a *supersedeas* of the judgment against them, so that, in truth and in fact, all of them were principals and the bond contains no real sureties. It is true that the sureties have not appealed from this judgment, neither are they necessary parties thereto, but nevertheless a *supersedeas* thereby obtained inures as much to their benefit as it does to that of appellant."

It is plain from this opinion that this court considered that the *supersedeas* filed by the principal defendant superseded the judgment during the pendency of such appeal, though the appeal did not avoid the validity of the judgment as to the defendant in appealing. Prior to the enactment of section 43, Code of 1906, an appeal could not be taken unless all the parties joined in the appeal. The statute prescribes a scheme whereby one defendant in a judgment may appeal without the consent of the other defendants, but to do so he should comply with the statute, and if the summons is not issued as required in the statute the appellee should see that the party is summoned before allowing the appeal to proceed. If the party be summoned and does not appear and join in the appeal, then the appellee or judgment creditor after such notice and failure may proceed on the judgment. It is clear from a consideration of the statute and authorities above cited that the injunction was rightfully sued out.

It will further appear from the statement of facts that with reasonable promptness after the mandate of the supreme court of the United States reached this court the cost and judgment was paid. There was no undue delay in paying the judgment, and the defendant in the injunction suit was deprived of no right because his demand has been fully satisfied. We think it error to allow the damages under the facts shown in this record. *Burroughs* v. *Jones,* 79 Miss. 214, 30 So. 605. The judgment will be reversed, and judgment entered here for the appellant.

*Reversed, and judgment here.*