## Ferguson *v.* Quick.

[78 South. 618, Division B.]

Brokers. *Right to commission.*

> Where a broker was employed by a landowner to sell her land at a certain price and the commission of the broker was agreed on and the broker found a purchaser who was able and willing to pay the price, and thereupon the owner withdrew the land from the market, but within ten days thereafter sold to the same purchaser at the same price. In such case the broker was entitled to recover his commission.

Appeal from the circuit court of Forest county.

Hon Paul B. Johnson, Judge

Suit by Thomas M. Ferguson against Lamar A. Quick. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*S. E. Travis* and *Watkins & Watkins,* for appellant.

*R. S. Hall,* for appellee.

Cook, P. J., delivered the opinion of the court.

The appellee was the owner of a farm consisting of about four hundred and seventy-six acres, located in Forrest county, upon which was situated her residence. Mrs. Quick, desiring to sell her land, authorized her husband to employ the services of the appellant, a real estate broker in Hattiesburg, to find a purchaser.

The price was fixed, and it was agreed that appellant was to receive five per cent. commissions if he succeeded in finding a purchaser. Mr. Ferguson did find a purchaser willing and able to pay the price. Early in March, Mr. Ferguson took the purchaser to the place, and he made an offer for the land which was satisfactory to the owner, except the owner wanted to retain the homestead, for reasons' not necessary to state. So that the sale was not then consummated. The matter rocked along until the latter part of July following, when the parties were again brought together, but for some reason the trade was not closed. Then it was that appellee announced that she would take her place off the market. Now, we find that the prospective purchaser and the owner, within ten days, closed the trade for the precise amount of money that the owner agreed to take for the land when she employed the real estate broker.

In this state of the record, it was claimed, and the claim was sustained by the jury, that appellee did not owe the appellant anything for his services. This claim seems to rest upon two contentions: First, that the real estate agent was given only a thirty-day option on the sale; and, second, that the agent was discharged when the appellee formerly withdrew her land from the market.

As to the first contention, suffice it to say there is no competent evidence in the record to sustain it. All of the evidence upon this phase of the defense was purely hearsay. It is perfectly manifest that Mr. Ferguson procured a purchaser for this land, who was willing to receive; that Mr. Ferguson's work resulted in the sale of the land at the owner's price. We may assume for the purpose of this decision that Mrs. Quick took her land off the market in perfect good faith, and still the fact remains that Mrs. Quick received the full benefit of Ferguson's work. It is too clear for

argument that Ferguson performed his contract to the letter. Under the undisputed facts, it would open wide the door for fraud and bad faith should this court allow the judgment of the court below to stand. If the rights of the contracting parties are dependent upon so narrow a basis, real estate agents would have to go out of business, and this is true though all Mrs. Quick claims may be true. Mr. Ferguson performed his part of the contract, and for this reason Mrs. Quick sold her land at her own price; thus it follows that Mrs. Quick must pay the commission she agreed to pay. All we have said is elementary law and needs no citation of authorities.

Reversed, and judgment here for appellant.

*Reversed.*