FERGUSON *v.* QUICK.

[79 South. 83, In Banc.]

BROKERS. *Action for commissions. Sufficiency of evidence.*

> In this case which was an action by a realty broker for commis-
> sions, the court held that the evidence established that the real
> estate broker was given only thirty days' option on sale, and that
> the agent was discharged when defendant formerly withdrew her
> land from the market and that a judgment for the defendant
> was proper.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

On suggestion of error. For former judgment, see 78
So. 618.

*S. E. Travis* and *Watkins & Watkins* for appellant.
*R. S. Hall,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

On a former day the above cause was reversed,
and judgment entered here for the appellant. It was
then stated that the claim of appellee rested upon
two propositions:

"First, that the real estate agent was given only
thirty days' option on the sale; and, second, that
the agent was discharged when the appellee formally
withdrew her land from the market; and as to the
first propostion, all the evidence in support of it
was purely hearsay."

On suggestion of error we have re-examined the evidence, which was developed in such manner as to make it difficult to fully understand it. It appears, however, that Mrs. Quick testifies to hearing a conversation between her husband and Mr. Ferguson over the telephone, in which she says she could hear most of Mr. Ferguson's conversation and could hear all of her husband's conversation and that her husband gave Ferguson a thirty-day option on selling the place. This occurred in February, preceding the final sale in August. The proposition of sale at that time did not embrace the house of Quick, situated upon a portion of the property finally sold. Mrs. Quick further states that in July, following this conversation in Febuary, Mr. Ferguson came out to her place, and she told him they had declined to sell the place. It appears from the testimony of Mr. Blackman, the purchaser, that Feguson had told him, about this time in July, that the sale was off, and that the Quicks declined to sell. Mr. Blackman wrote Mrs. Quick with reference to this matter, and she notified him that they declined to sell.

It appears that, after this time, Mr. Oscar Travis or his wife proposed to sell Mrs. Quick their place, situated near the Quick residence, if they should sell Mr. Blackman the property. This proposition was entertained, and the sale finally made to Mr. Blackman by Quick; Ferguson not being present and not participating in this sale. From Mr. Blackman's testimony it does not appear that he knew or understood that Ferguson had any interest or was connected in any manner with this sale. While the evidence to sustain the verdict in favor of Mrs. Quick is not clear and strong, still we think it sufficient to uphold the verdict. The jury had all the parties before it, and could determine the conflict between the evidence of Mrs. Quick and that of Mr. Ferguson.

The suggestion of error is accordingly sustained, the former judgment set aside, and the judgment of the lower court affirmed.

*Sustained.*