## LIZANA *v.* BROWN REALTY CO.*

(Division B. March 28, 1927.)

[111 So. 867. No. 26362.]

1. BROKERS. *Evidence held to authorize recovery of broker's commission after owner's refusal to sell.*

    In broker's action for commissions, after owner's refusal to consummate sale, evidence *held* to authorize recovery of amount sued for.

2. APPEAL AND ERROR. *Error in giving or refusing instructions is harmless, where evidence authorized directed verdict.*

    Any error which court may have committed in giving or refusing instructions is harmless, where uncontradicted evidence authorized directed verdict.

3. BROKERS. *Broker may recover agreed commission on failure to consummate sale through fault of owner.*

Where commission of real estate broker is based on amount to be realized from consummated sale, if sale is not consummated through fault of owner, there is a breach of contract by owner, for which broker is entitled to recover reasonable compensation, measured by agreed commission.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 1029, n. 30; p. 1041, n. 32; Brokers, 9CJ, p. 580, n. 49; p. 597, n. 36; p. 624, n. 66; p. 624, n. 66; p. 654, n. 41; p. 1048, n. 76; p. 1051, n. 99. On right of real estate broker to commissions on default of principal in entering into or carrying out contract with purchaser, see annotation in 43 L. R. A. 593; 4 R. C. L. 323; 1 R. C. L. Supp. 1119; 6 R. C. L. Supp. 250.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Action by M. D. Brown, Sr., and another doing business under the name of the Brown Realty Company, against W. A. Lizana. Judgment for plaintiffs, and defendant appeals. Affirmed.

*O. J. Dedeaux,* for appellant.

I. The contract of sale consummated between the appellee and the purchaser was not according to the terms prescribed by the appellant. The broker has failed to present to the seller a contract in accordance with the listing.

The duty the broker undertakes, the obligation he assumes as a condition to his right to demand a commission, is to bring the buyer and seller to an agreement. In this case the broker failed to do this. The most that we could say for the transaction was that he found a buyer ready, able and willing to buy, but not on the seller's terms; and since the contract presented to the seller for his signature did not contain the terms upon which he was willing to sell, the broker is not entitled to his commission. *Crosthwaite* v. *Lebus,* 41 So. 853; *Sullivan* v. *Turner,* 82 So. 325; 19 Cyc., page 240-41.

II. In the case at bar the employment of the broker was oral and there was no time specified as to the length

of duration of employment. The law is that if the contract of employment is silent as to its duration, the duration, the broker is deemed to be given only a reasonable time within which to accomplish the object of his agency. 4 R. C. L., page 251, section 8; *Sibbald* v. *Bethlehem Iron Co.*, 38 Am. Rep. 441; *Darrow* v. *Harlow*, 94 Am. Dec. 541.

As to what is a reasonable length of time is obviously dependent upon the facts and circumstances of each particular case, the determination of the question being generally held to be one of the facts for the jury. 4 R. C. L., page 252, section 8 and page 305, section 47.

The sales contract would in itself have no effect since this was a homestead and there could be no way of compelling the wife to sign the deed to convey the property. The broker knowing that and not procuring the authority of the wife to sell the property, could only claim as damages whatever amount they paid in advertising the property, if any, and every incidental expense that they might have had in trying to sell the property, but in this respect the record is silent. *Myres et al.* v. *Coleman*, 93 Miss. 226, 46 So. 249, raised this proposition but did not decide the point.

*R. A. Wallace,* for appellee.

It is a well established principle of law governing the objections and rights of real estate brokers and their principals that where the terms of the sale are specified in the contract between the principal and the broker, the broker has performed his duty and is entitled to his commission when he produces a purchaser ready, able and willing to buy the lands upon the specified terms. *Delta Pine Land Co.* v. *Wallace* (Miss.), 36 So. 263; *Long* v. *Griffith* (Miss.), 74 So. 613; *Cook* v. *Smith* (Miss.), 80 So. 777; *Jenny* v. *Smith-Powell Realty Co.* (Miss.), 88 So. 171; *Roell et al.* v. *Orfutt* (Miss.), 103 So. 239.

It is also a well-established principle of law that the seller of land can revoke the power of a broker before the broker performs his agreement, but he cannot repudiate such agency to defeat the broker's right to commissions after a purchaser is obtained who is able and willing to carry out the contract. *Cook* v. *Smith, supra.* The revocation of the power of appellee by the appellant was too late to defeat their right to the commission promised them by the appellant at the time he employed appellee company to render service for him.

The uncontradicted testimony shows that the appellant had revoked the power of the appellees and repudiated their agency before the contract referred to in the instruction was tendered to him. Yet the appellant by this instruction sought to have the court instruct the jury to find for him in the event they found that some of the terms and conditions in the contract were unsatisfactory to him. The instruction is not applicable to the facts and the law of this case and the court properly refused to grant it.

The appellant in calling on the appellees to procure a purchaser for his property, impliedly represented to them that he could deliver a good title to and the possession of the property to a purchaser procured by them. The law and good faith implies this. The appellant assumed all responsibility for his inability to convey title to the property and the possession thereof to a purchaser procured by his brokers. *Roberts* v. *Kimmons* (Miss.), 3 So. 736.

One instruction seeks to shift the responsibility of the appellant upon the appellees and thereby defeat the right of the appellees to their commission. If the court had granted this instruction it would have imposed upon the appellees a responsibility placed upon the appellant by law and assumed by him in the performance of the contract between the appellant and the appellees and which the appellee did not agree to bear; therefore, the action of the court in refusing this instruction was proper.

Argued orally by *O. J. Dedeaux,* for appellant, and *R. A. Wallace,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellees, M. D. Brown, Sr. and Jr., doing business in the name of the Brown Realty Company, brought this action in the circuit court of Harrison county against appellant, W. A. Lizana, to recover a real estate broker's commission of seven hundred fifty dollars, alleged to be due by appellant to the appellees for services of the latter, as such real estate brokers, in procuring a purchaser for the appellant's house and lot in the city of Gulfport, and recovered a judgment in the amount sued for, from which judgment appellant prosecuted this appeal.

At the conclusion of the testimony, both parties requested directed verdicts, which requests were by the court refused. Thereupon the case was submitted to a jury on instructions granted each of the parties. There was a verdict and judgment for the amount sued for. The action of the court in granting certain instructions is complained of by the appellant, and the refusal of certain instructions requested by the appellant in addition to one for the directed verdict, is also complained of by the appellant.

The controlling facts were practically undisputed. It is true there was a conflict in the testimony as to certain issues of fact raised by the appellant; but we think that, under the law, those issues of fact were immaterial. The appellees were engaged in the real estate business in the city of Gulfport; they were real estate brokers. Some time prior to the 16th day of October, 1925, the time fixed by the appellees being not more than thirty days prior to that date, and the time fixed by the appellant being the first week in August of that year, the appellant listed with the appellees for sale, at fifteen thousand dollars, his house and lot in Gulfport, consisting of his residence and a storehouse. Appellant was married and lived with

his wife in the residence on the lot. The property, therefore, constituted his homestead. Both the appellant and the appellees testified that the property was listed with appellees for sale at fifteen thousand dollars. They differed as to the terms, however. Appellees testified that seven thousand five hundred dollars was to be paid in cash and the balance in three equal installments, payable in one, two, and three years from the date of sale, while the appellant testified that seven thousand five hundred dollars was to be paid in cash and the balance in two equal installments, payable in one and two years after the date of sale. Appellant and appellees agreed in their testimony that the broker's commission to be paid appellees was to be five per cent. of the sale price of the property for procuring a purchaser thereof on the stipulated terms ready, willing, and able to pay the purchase price.

On the 16th of October, 1925, appellees procured a purchaser, in the person of W. A. McInniss, at the price of fifteen thousand dollars, of which seven thousand five hundred dollars was to be paid in cash, and the balance in three equal annual installments, payable in one, two, and three years from the date of sale. Thereupon appellees notified the appellant, over the telephone, of that fact, and appellant advised appellees that he declined to sell the property. The appellees procured a written contract from McInnis, the purchaser, by the terms of which McInnis agreed to purchase the property on the terms stated. Along with this contract, appellees took McInnis' check for one thousand five hundred dollars as earnest money, payable to appellant, being ten per cent. of the purchase price agreed upon, which contract and check for earnest money appellees tendered to appellant. Appellant declined the tender, and refused to enter into the contract, stating again that he was not then willing to sell the property for as little as fifteen thousand dollars. Between the time the appellant listed the property with the appellees for sale and the time

the latter found a purchaser, real estate in Gulfport had advanced rapidly. Between those dates, the appellant had first refused an offer of seventeen thousand dollars for the property, another offer of eighteen thousand dollars, another for twenty-two thousand dollars, and, in December of the same year, he sold the property for twenty-five thousand dollars. But it was undisputed in the evidence that the appellant failed to revoke the appellees' agency to sell the property for fifteen thousand dollars.

The appellant defended the action on the grounds that the terms of the contract of sale of the property between McInnis and himself were contrary to the terms agreed upon between him and the appellees, when the property was listed with the latter for sale, in that it was listed with appellees for sale at fifteen thousand dollars, one-half to be cash, and the balance in two equal installments extending over a period of two years from the date of sale, while the contract provided that the deferred payments should be in three equal installments, extending over a period of three years from the date of sale, and that the contract was also objectionable to appellant, because it failed to provide for a deed of trust, or vendor's lien, to secure the deferred payments; that there was no provision in the contract that the buildings on the lot should be kept insured for appellant's benefit until the deferred installments of the purchase price were paid; that there was no provision in the contract as to how the taxes for 1925 should be prorated between the appellant and the purchaser; that the provision in the contract for thirty days for making the abstract of title to the property was too long, and that the ten days provided in the contract for furnishing the abstract of title was not sufficient time; and, further, that appellant's inability to consummate the sale was because the property constituted his homestead, and his wife refused to sign the contract of sale or execute a deed, although the appellant admitted

that he later sold the property for twenty-five thousand dollars and made a conveyance thereof to the purchaser, his wife joining in such conveyance.

On cross-examination, appellant, as a witness in his own behalf, admitted that when he was notified by appellees, over the telephone, that they had found a purchaser for the property at fifteen thousand dollars who was able, willing and ready to pay that price for it, he notified the appellees that he had changed his mind, and was not willing to sell the property at that price, and that, when he so notified the appellees, the contract of sale had not been presented to him for execution.

Under the uncontradicted evidence in this case, we think the appellees were entitled to a directed verdict for the amount sued for. If that be true, any error which the court may have committed in giving instructions for appellees, or refusing instructions requested by the appellant, was entirely harmless to the appellant. We reach the conclusion that the appellees were entitled to a directed verdict for the following reasons: The evidence shows without conflict that the property was listed with appellees for sale at fifteen thousand dollars; that, while the contract was in existence, the appellees found a purchaser for the property able, ready, and willing to pay that price for it, and that the appellant refused to consummate the sale, not because the property constituted his homestead, and his wife was unwilling to join in the conveyance, or because the terms of the contract of sale presented to appellant for execution were not the terms agreed upon between appellant and appellees, or because the terms of sale were unsatisfactory to the appellant in any other aspect, but for the reason alone that the appellant was not willing to accept fifteen thousand dollars for the property on any terms, because he thought it was worth much more. In other words, a fair interpretation of the testimony demonstrates that, in refusing to consummate the contract, the appellant was controlled alone by the fact that he was not then willing to sell the prop-

erty for as little as fifteen thousand dollars, and that no other consideration whatever was either controlling or influential in such refusal. Therefore the parties never reached the point of considering the question whether the appellant's wife would join in the conveyance of the property, or whether the terms of the proposed sale were satisfactory to the appellant. The consideration of those matters was cut off short by the appellant, when he declined to consummate the sale because the price was not satisfactory, although he admitted that it was the price at which he had listed the property with appellee for sale. If appellant objected to the terms and conditions of the sale, he was due to point out to appellees the grounds of such objection, so as to give them an opportunity to adjust the matter between appellant and the proposed purchaser. This appellant failed to do.

Where the commission of a real estate broker is based on the amount to be realized from the consummated sale, if the sale is not consummated through fault of the owner of the land, there is a breach of the contract by the owner with the broker for which the latter is entitled to recover reasonable compensation measured by the commission agreed to be paid by the owner to the broker. *Wesley Halliburton et al.* v. *Powell Crichton, Executor, et al.* (No. 26309), 111 So. 743 (not yet [officially] reported).

*Affirmed.*

ETHRIDGE, J., being disqualified, took no part in deciding this case.