HAYS *v.* GOODMAN-LEONARD REALTY Co.*

(Division A.    April 4, 1927.)

[111 So. 869.    No. 26391.]

</div>

1. BROKERS. *Broker, to recover commission, need only show that he procured purchaser ready, willing, and "financially able" to purchase.*

In order to entitle a broker to his commission, he is only required to show that he procured a purchaser who was ready, willing, and financially able to purchase, and term "financially able," as used with reference to financial responsibility, does not necessarily mean that such purchaser shall have all money in cash, but merely that he must be able to command the money to close deal on reasonable notice.

2. BROKERS. *Evidence of business standing and financial reputation of proposed purchaser is admissible, as bearing on broker's right to commissions.*

On question of financial responsibility of proposed purchaser as bearing on broker's right to recover commissions, evidence based on financial reputation and business standing of such purchaser is admissible.

3. BROKERS. *Evidence held to show that broker procured purchaser ready, willing, and able to purchase property.*

Evidence in broker's action for commissions *held* sufficient to support finding that he had procured purchaser who was ready, willing, and able to purchase property within time and on terms fixed by agreement.

4. BROKERS. *Owner's objection to terms of proposed sale held immaterial, where she informed brokers that she had decided not to sell property.*

Where owner informed brokers, after being notified that they had found a purchaser who was ready, willing, and able to purchase, that she had decided not to sell property, objections to terms of proposed sale, relative to kind of deed, manner of securing deferred payments, and payment of current taxes, were immaterial.

*Corpus Juris-Cyc References: Brokers, 9CJ, p. 595, n. 29; p. 596, n. 33; p. 600, n. 50; p. 623, n. 65; p. 624, n. 66, 68; p. 626, n. 77; p. 652, n. 29; p. 654, n. 40; p. 655, n. 43. On right of real estate broker to commissions where he procures customer who is ready, able and willing to accept principal's terms, see annotation in 44 L. R. A. 593; 1 A. L. R. 528; 4 R. C. L. 307; 1 R. C. L. Supp. 1113; 4 R. C. L. Supp. 262; 6 R. C. L. Supp. 249.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Suit by Alfred Goodman and another, doing business under the trade-name of Goodman-Leonard Realty Company, against Mrs. B. R. Hays. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Leathers & Sykes,* for appellant.

I.   Some terms of the sale as to the furnishing of an abstract, the payment of the taxes and as to how the deferred payments bearing six per cent interest were to be secured were left open.   As to these elements in the contract of sale, there was no understanding between the owner and the purchasers and the owner never gave to appellee agent these terms, nor were they specified at the time of the listing of the property for, sale by the owner with the appellee.   The case, therefore, on this point falls squarely within *Johnson* v. *Sutton,* 49 So. 970; *Cooke* v. *Smith,* 80 So. 777; and *Skermetti Realty Co.* v. *Devill,* So. Rep. Adv. Sheets, March 12, 1927.

II.   The second ground relates to the alleged purchasers being *able* and *ready* to buy the property.   There is no proof in the record of any probative value that the purchasers were financially able to carry out the terms of their contract of sale.   The burden was on the appellee to show by a preponderance of the testimony that these purchasers were able and we submit that under the proof in this record the appellee has wholly failed to meet this burden.   *Reynor* v. *Mackrill* (Iowa), 1 A. L. R. 523; *Johnson* v. *Sutton,* 94 Miss. 544; *Cooke* v. *Smith,* 119 Miss. 383, 80 So. 777.

The revocation of appellee's authority to sell the land took place November 5, Thursday afternoon, and the purchasers were not procured and did not offer to do anything until Friday, November 6.   It is true that it is in evidence that the appellee advertised this property for sale in the Gulfport Daily Herald and that this court held in the case of *Sunflower Bank* v. *Pitts,* 66 So. 810, that although a listing contract with a broker given without consideration is unilateral and may be revoked at will, yet it may be enforced by the broker electing to accept it and incurring expense in an attempt to find a purchaser.   Still the facts on which the opinion in the

Pitts case rest are totally different from the facts in the case at bar.

The incurring of expense in the instant case was an afterthought, and was not a consideration so far as the evidence in this record shows for the listing of the property by Mrs. Hays with appellee, as were the facts in the Pitts case above mentioned; a totally different state of facts and a different situation altogether from that which led the court to the conclusion that it announced in the *Pitts case, supra.* The agreement, therefore, under which the property was listed by appellant with appellee was *nudum pactum* and was revocable at will. *Cobb* v. *Bennett Land Co.,* 74 Miss. 567.

The revocation of the listing of the land by appellant with appellee took place on Thursday afternoon, November 5, before any purchaser was produced who even said he was willing, ready and able to take the property on the incomplete terms as they were specified. The case of *Ferguson* v. *Quick,* 79 So. 83, is not in the way of this contention of appellant because in that case the sale was actually made to the purchaser whom the agent procured although it was later closed up and consummated by the owner herself.

The method of securing the deferred payments is a material part of the contract of sale as recognized by this court in *Sullivan* v. *Turner,* 82 So. 325. The only way that this deficiency in the terms could be cured was by the agreement of the appellant and the purchasers as to the method of security and until that was done and the sale actually consummated appellee was entitled to no commission under the law as laid down in the cases cited. The agent is not entitled to his commission until the sale is actually consummated in such a situation. *Roell et al.* v. *Ofutt,* 103 So. 239.

*Mize & Mize* and *R. W. Thompson, Jr.,* for appellee.

Plaintiffs found purchasers willing, able and ready to buy the property on the plaintiffs' listed terms given by

the defendant and had notified the defendant they had such purchasers; hence, they were entitled to their commissions. The law is well laid in 9 C. J., page 623, section 102, with a long line of authorities supporting the text, particularly: *Holden* v. *Lyons* (Mo.), 157 S. W. 811; *Smith* v. *Tatum,* 140 Ga. 719; *Vaughn* v. *McCarthy,* 59 Minn. 199; *Johnson* v. *Stewart,* 153 S. W. 511; *Cotton* v. *Meadows,* 127 S. W. 221.

In this particular case, the defendant arbitrarily refused to carry out the contract without any reason whatever, and after plaintiffs had tendered their purchasers who were able, ready and willing to buy on her terms.

The testimony shows that it was the general custom, well known, that the seller of property always furnished an abstract unless there was a special agreement otherwise. The taxes became and were a lien on this property for the year on the first day of February and, therefore, it was the duty of the owner to pay the taxes for the year in the absence of an agreement to the contrary. So the fact that nothing was mentioned about furnishing an abstract or payment of the taxes becomes immaterial.

*Long* v. *Griffith,* 113 Miss. 661, holds just as we contend for in this case: That where a broker makes a sale for the owner of lands in accordance with his contract and the buyer is ready to carry out the terms of the contract but the owner refuses to do so, then the broker is entitled to his commission. That case is similar to the case at bar as no mention whatever was made about the taxes or about an abstract in the contract between the broker, Long and the owner, Griffith.

*Cook* v. *Smith,* 119 Miss. 375, is applicable on two points. One is that the agent is entitled to his commission when he finds a purchaser ready, willing and able to buy upon the terms specified; and, second, it holds that while the seller of real estate can revoke the power of the agent before the agent performs his agreements, yet he cannot repudiate such agency so as to defeat the agent's commission after the agent has found a purchaser who is willing to carry out the contract.

When the plaintiffs found purchasers who were ready, able and willing to buy, of which they at once notified the defendant, they had then performed their contract and their authority was irrevocable unless the defendant paid their commission. 4 R. C. L., page 307, section 49.

As to the ability of the purchasers to pay, the testimony showed that all four of these parties put up the earnest money at once and all of them were ready to go ahead and put up the cash consideration as soon as the deal could be closed.

In *Steele* v. *Lippman*, 115 N. Y. S. 1099, it was held that the broker did not have to show, in order to recover compensation for procuring the loan, that the proposed lender was able and willing to carry out his offer where the client refused to go on with the transaction as that is presumed. See, also, *Huchinson* v. *Plant*, 218 Mass. 148, where a man's reputation as to his financial responsibility was held to be sufficient.

Cook, J., delivered the opinion of the court.

The appellees, Alfred Goodman and John C. Leonard, doing business under the trade-name of Goodman-Leonard Realty Company, were engaged in the real estate brokerage business in the city of Gulfport, Miss., and they instituted this suit in the circuit court of Harrison county, seeking to recover a five per cent. commission on the price of certain property owned by the appellant, which had been listed for sale with the appellees. There was a verdict in favor of the realty company, and from the judgment entered in pursuance thereof this appeal was prosecuted.

The declaration alleged that the appellant was the owner of a certain lot or parcel of land fronting eighty feet on the Gulf of Mexico; that she listed it with the appellees exclusively for sale at the price of three hundred dollars per front foot, on terms of one-third cash and the balance in equal installments, payable in one, two,

and three years, the deferred payments to bear interest at the rate of six per cent. per annum from date until paid; that appellees at once began to advertise the property for sale, and on the 6th day of November, 1925, while their authority to sell was still in full force and effect, secured purchasers therefor who were ready, willing, and able to buy the property on the terms named; and that they so informed the appellant, and she declined to carry out the sale solely through her own fault.

In the proof offered at the trial it is admitted that on Monday, November 3, 1925, the appellant gave to appellees the exclusive right to sell the property on the terms named in the declaration, provided the sale was made before the following Saturday, but appellant testified that on the following day she withdrew this listing of the property. Witnesses for the appellees positively denied the withdrawal of this listing of the property, and this issue was submitted to the jury, and was decided against the appellant by the jury's verdict. Consequently, for the purpose of this appeal, the agreement as to the listing must be taken as averred in the declaration and testified to by the witnesses for the appellees.

For the appellees there was testimony to the effect that the agents of the appellees secured four business men, who agreed, and were ready, willing, and able, to purchase the property on the terms named by the appellant; that on Thursday, November 5th, the appellees notified the appellant that purchasers for the property had been secured, and she was requested to come to appellees' office for the purpose of closing the deal, but she declined to do so, stating that she did not believe that she would go ahead with it; that on the following day, Friday, an agent of the appellees secured from the four proposed purchasers ten per cent. of the total purchase price, or two thousand four hundred dollars, in cash, as earnest money, and tendered it to the appellant, and requested her to consummate the sale; and that she refused to do so, saying that she was not going to sell the

property, as she had made other arrangements to secure the money which she then needed. Three of the proposed purchasers were offered as witnesses for the appellees, and each of them testified that he agreed to purchase the property and put up six hundred dollars, or one-fourth of the earnest money, and that he was ready, willing, and able to purchase the property at once on the terms named by the appellant. The fourth one of the proposed purchasers, Dr. O'Deneal, was not offered as a witness, but his agent testified that he was ready, willing, and able to buy the property, and, from his general financial reputation, that he was fully able to purchase on the terms named, and on this testimony the question of whether the proposed purchasers were ready, willing, and able to purchase the property upon the terms and within the time fixed by the appellant was submitted to the jury under proper instructions. It was also testified that nothing was said to the proposed purchasers, or to or by the appellant, in regard to the payment of taxes for the current year, or the furnishing of an abstract of title.

For a reversal of this cause, the appellant relies on the ground, among other things, that the evidence fails to show that the proposed purchasers were ready and able to perform their part of the contract, for the reason that it was not shown that each of them actually had in hand the money to at once make the cash payment. In order to entitle a broker to his commission, he is only required to show that he procured a purchaser who was ready, willing, and financially able to purchase and pay for the property within the time and upon the terms fixed; and we do not think that the term "able," or "financially able," as used with reference to the financial responsibility or condition of a proposed purchaser, means that such purchaser must necessarily have in hand all the money in cash, or to his credit at a bank, but merely that he must be able to command the necessary money to close the deal on reasonable notice, or within the time

limited by the vendor, if the time is limited. Upon the question of the financial responsibility of a proposed purchaser, evidence based upon the financial reputation and business standing of such purchaser is admissible, and, in the case at bar, the testimony that each of the four proposed purchasers was ready, willing, and financially able to perform his part of the contract of purchase, was undisputed, and, in our opinion, was sufficient to support a finding that they were, in fact, willing and able to purchase the property within the time, and on the terms fixed by the appellant.

The appellant next seeks a reversal upon the ground that in the listing of the property for sale, and in the agreement with the proposed purchasers, all the material terms and conditions of the sale were not fixed or agreed upon, and particularly that the terms of the sale were silent as to the kind of deed that should be executed, the manner in which the deferred payments were to be secured, the payment of taxes for the current year, and the obligation of the vendor to furnish an abstract of title to the property. Witnesses for the appellees testified, and the appellant herself admits, that when she was notified by the appellees that they had found a purchaser for the property who was ready, willing, and able to purchase upon the terms fixed by her, she informed them that she had secured a loan of such funds as she required to meet her pressing needs, and for that reason she had decided not to sell the property. This being true, the objections to the terms of the proposed sale as stated above are immaterial, as was expressly decided in the case of *Lizana* v. *Brown Realty Co.* (No. 26362), 111 So. 867, decided March 28, 1927, and not yet [officially] reported. In that case similar objections, as well as others, were urged against the contract of sale as negotiated by the broker, and the court, after setting out the various objections to the terms of the proposed sale, as made by the evidence in the court below, held that the broker was entitled to a peremptory instruction for the commission on the proposed sale, and in discussing the question said:

"In other words, a fair interpretation of the testimony demonstrates that, in refusing to consummate the contract, the appellant was controlled alone by the fact that he was not then willing to sell the property for as little as fifteen thousand dollars, and that no other consideration whatever was either controlling or influential in such refusal. Therefore the parties never reached the point of considering the question whether the appellant's wife would join in the conveyance of the property, or whether the terms of the proposed sale were satisfactory to the appellant. The consideration of those matters was cut off short by the appellant when he declined to consummate the sale because the price was not satisfactory, although he admitted that it was the price at which he had listed the property with appellee for sale. If appellant objected to the terms and conditions of the sale, he was due to point out to appellees the grounds of such objection, so as to give them an opportunity to adjust the matter between appellant and the proposed purchaser. This appellant failed to do.

The judgment of the court below will therefore be affirmed.

*Affirmed.*