## Mary C. Lescoe v. Mae E. Slater

Court of Common Pleas    Windham County    File No. 412

Memorandum filed May 20, 1949.

*John B. Harvey,* of Willimantic, for the Plaintiff.

*Harry S. Gaucher,* of Willimantic, for the Defendant.

DEVLIN, J.   The plaintiff claims she was employed as a broker to sell the home of the defendant and, having secured a buyer ready, able and willing to purchase, seeks her commission.

Defendant refused to sell, claiming no agreement with the plaintiff. It is her claim that she told the plaintiff she was not ready to sell but would contact her in the event she decided to. She did, however, have the place listed with another agent.

There was evidence that the plaintiff showed the premises to several parties and finally to the Kenyons, friends of the defendant, who agreed to purchase it for $5350. The papers were to be drawn when the defendant returned from the south, but this was never accomplished for she refused to go through with the deal and sold the place several months later for $6000.

Where the owner informs the agent of the terms upon which she will sell and the latter produces a customer ready, able and willing to buy on those terms, she has earned her commission though the sale falls through because the owner refuses to sell on such terms. *Home Banking & Realty Co.* v. *Baum*, 85 Conn. 383; *Dworski* v. *Lowe*, 88 Conn. 555.

Claim is made that there was no evidence submitted showing the purchasers were financially able to go through with the agreement. "The purchaser must be able to buy; and the word

'able' means financially able; this does not mean, however, that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required. Even where the purchaser was not personally able to buy, it was said that 'it is sufficient if he has arranged so that these funds will be available for payment when the time comes to close the transaction, although part of it be obtained on the purchase property itself.' " *Laack* v. *Dimmick*, 95 Cal. App. 456, 470; *Hersh* v. *Garau*, 218 Cal. 460; *Hays* v. *Goodman-Leonard Realty Co.*, 146 Miss. 766. The purchasers did, however, offer to make a down payment, but this was not deemed necessary due to the close friendship existing. They were in a position to secure a G. I. loan and ultimately did purchase another more expensive home. The court is of the opinion this condition was complied with.

Judgment may enter for the plaintiff to recover damages of $267.50