BAIRD & MONTGOMERY *v.* LEWIS

No. 40278          November 5, 1956          90 So. 2d 184

62

*Stanny Sanders,* Indianola; *P. J. Townsend, Jr.,* Drew, for appellants.

*Bell & McBee,* Greenwood, for appellee.

ETHRIDGE, J.

The question is whether there was sufficient evidence to support the finding of the jury that appellee A. B. Lewis, defendant below, revoked an agency authority or listing agreement with appellants Baird and Montgomery, to sell his farm, prior to appellants obtaining a purchaser, ready, willing and able to buy and notifying Lewis of that fact.

██ ██ Baird and Montgomery sued Lewis in the Circuit Court of Leflore County for their five per cent sales commission. On February 21, 1955, Lewis signed an "exclusive" listing of his farm in Leflore County with appellants. There was no consideration for it, so it constituted only a continuing offer by appellee to sell his land for the stated sum. Accordingly, this authority and offer to sell, when not coupled with an interest, could be revoked at the will of the principal. Kolb v. Barnett Land Co., 74 Miss. 567, 21 So. 233 (1896).

On Monday, May 16, W. T. Stokely indicated some interest in the land, and went to see it with appellant Montgomery. Lewis showed them the boundaries and discussed it generally. On Wednesday, May 18, Stokely advised appellants, the brokers, that he would buy the property for the stipulated price, $42,000 cash. On Friday, May 20, Stokely went back to look at the land with G. I. Worthington, a farm mortgage agent of an insurance company, in order to ascertain whether he could obtain a loan. Worthington and Stokely said that they talked about the property with Lewis, and Stokely discussed a time for obtaining possession and details of paying the purchase price. Worthington stated that no definite trade was concluded with Lewis on that occasion. Stokely commented that his discussion with Lewis at the farm on Friday was to get together on terms and payment, but he did not tell Lewis that he would take the property.

Baird, Montgomery, and Mrs. Andrews, their secretary, testified that, on the Thursday after Stokely had told them on Wednesday he would take the property, Lewis came by their office. They advised him that Stokely was ready, willing and able to buy the property. Lewis denied this. He said that they told him on Thursday that Stokely was still looking, and did not advise him that Stokely had accepted his offer. He admitted that during this conversation with appellants he had said,

with reference to Stokely, "Don't let him get away." This statement was related by appellants to have been made after Lewis was advised that Stokely would buy; on the other hand, Lewis said that he made it after appellants had said that Stokely was still looking at the property. The jury was warranted in construing this expression as being consistent with Lewis' testimony. On the succeeding Monday, May 23, Lewis advised appellants that he had changed his mind about selling; and he revoked the listing and offer to sell. On May 25, two days later, Stokely signed a purported acceptance of Lewis' written authority to sell, which had been made to appellants. The acceptance contained several conditions not set forth in the offer to sell, including title insurance, acreage, possession, fixtures, and liquidated damages.

██ ■ The jury returned a verdict for defendant. Instructions for both parties properly submitted to it the issue of whether defendant's offer to sell, made in his listing with plaintiffs, was accepted by Stokely and that fact communicated to defendant before he revoked the authority. On conflicting evidence the jury found in favor of defendant. It was purely an issue of fact, so we affirm the judgment. Ferguson v. Quick, 118 Miss. 136, 79 So. 83, sustaining suggestion of error as to 78 So. 618 (1918); Hollister v. Frellsen, 148 Miss. 568, 114 So. 385 (1927); 12 C. J. S., Brokers, Section 118. ██■ The principal has power to revoke an agency created by a brokerage agreement, not supported by any consideration, at any time and for any reason. 12 C. J. S., Brokers, Sections 16, 66; 8 Am. Jur., Brokers, Sections 37-46. The broker should be notified by the principal of such revocation. Lewis did that. 8 Am. Jur., Brokers, Section 45. See also Jayne v. Drake, 41 So. 372 (Miss. 1906); Cook v. Smith, 119 Miss. 375, 80 So. 777 (1919); Alexander v. Brumfield, 124 Miss. 177, 87 So. 9 (1921); Myers v. Coleman, 93 Miss. 226, 46 So. 249 (1908).

Since the jury was warranted in finding that appellee's offer to sell was withdrawn before acceptance, we do not get to the question of whether Stokely's acceptance, which came too late and contained conditions attached to it not in the offer, was a counteroffer and not an adequate acceptance. This was an issue in Case v. Harrison, 192 Miss. 531, 6 So. 2d 582 (1952). For the same reason Lizana v. Brown, 146 Miss. 758, 111 So. 867 (1927), and Hays v. Goodman-Leonard Realty Co., 146 Miss. 766, 111 So. 869 (1927), relied upon by appellants, do not affect our conclusion. There was no error in permitting defendant's attorneys to interrogate Stokely with reference to conditions in his acceptance other than the amount and time of payment. Defendant testified that there were reasons for his withdrawal other than an inadequate price. Moreover, appellants cannot complain of this, because they introduced Stokely's written acceptance, and interrogated him about the terms of purchase discussed by him and Lewis; and appellants' instruction No. 3 erroneously advised the jury that the stipulations in the attempted acceptance were not material and should not be considered. The two instructions granted appellee properly submitted to the jury the issue of Stokely's acceptance was in response to Lewis' offer to sell, under defendant's theory of the case. At any rate, these questions concerning the adequacy of Stokely's acceptance become entirely irrelevant, in view of our decision that the jury was warranted in finding that Lewis withdrew the authority to sell before appellants notified him of any acceptance by Stokely.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* Concur.