208 So.2d 169 (1968)
George E. MINTER
v.
O.E. HART, Sr., d/b/a O.E. Hart Realty Co.
No. 44793.
Supreme Court of Mississippi.
March 11, 1968.
Rehearing Denied April 1, 1968.
*170 Sullivan & Sullivan, Hattiesburg, for appellant.
Zachary & Weldy, Hattiesburg, for appellee.
GILLESPIE, Presiding Justice:
O.E. Hart, Sr., doing business as O.E. Hart Realty Company, sued George E. Minter in the Chancery Court of Lamar County to recover a commission claimed by Hart for finding a purchaser for a parcel of real property. Suit was filed in chancery court because of the claimed right to an attachment in chancery. Judgment was rendered in favor of Hart, and Minter appealed to this Court.
Minter signed a contract appointing O.E. Hart Realty Company the exclusive agent to sell real property attempted to be described therein. He agreed to pay Hart a six percent commission on the purchase price of $22,000. The contract provided that $5,000 was to be paid cash with the balance of $17,000 to be secured by first mortgage at six percent interest.
At the outset it should be noted that the bill of complaint should have been dismissed because of the lack of equity jurisdiction. There was no allegation or proof to sustain an attachment in chancery under Mississippi Code 1942 Annotated, section 2729 (1956), et seq. However, the constitution provides that this Court may not reverse because of error or mistake as to whether a cause is of equity or common law jurisdiction. Mississippi Constitution article 6, section 147 (1890).
Minter argues that the exclusive listing contract was void because (1) the description of the property in the contract was void, (2) the contract was signed only by Minter, but not by O.E. Hart Realty Company, and (3) that there was no such legal entity as O.E. Hart Realty Company.
The description of the property in the contract is void because it fails to identify the subdivision, city, county, or state where the property is located. If the listing contract was a contract for the sale of land or a conveyance that required a valid land description the instrument would be void. The contract between Minter and Hart was not a contract for the sale of land, but one employing a broker to find a purchaser for land. A contract for the sale of land must be in writing under the statute of frauds. A contract employing a broker to find a purchaser for land may be oral. Partee v. Pepple, 197 Miss. 486, 20 So.2d 73 (1944) and Lizana v. Brown Realty Co., 146 Miss. 758, 111 So. 867 (1927). The proof in this case clearly establishes the fact that the seller and broker understood what property was involved in the contract. Both knew that a car wash business was being operated on the property and that it was leased to Ed Arledge and David Morrison. Both knew the lease would expire in a few months. We are of the opinion that there is no merit to the contention that the contract of employment was void because of the insufficiency in the description of the property.
The fact that Hart did not sign the contract did not invalidate the contract. Minter signed the contract appointing or employing O.E. Hart Realty Company as *171 the exclusive agent to sell the property and Hart accepted the contract by acting in accordance therewith and finding a buyer.
We find no merit in the contention that the contract was void because the broker at different places in the contract was named as O.E. Hart Realty Company, Hart Realty Company and Hart Realty Co. The fact that O.E. Hart, Sr., is not named in the contract is of no moment. The proof shows without dispute that O.E. Hart, Sr., was the party whom Minter understood he was appointing as the exclusive broker. Hart Realty Company and O.E. Hart Realty Company are trade names used by O.E. Hart, Sr.
Appellant's next assignment of error is that Hart did not find a purchaser who was ready, willing and able to purchase the property on the terms set out in the contract. The chancellor had a right to believe the testimony of Mr. Hart that while the contract was in force he found a purchaser of the property, M.M. Roberts; that he accepted from Mr. Roberts a deposit of One Thousand Dollars; that Mr. Roberts and Hart entered into a memorandum agreement for the purchase of the property; and that Roberts was willing to buy the property on any terms the seller desired but that he would rather pay cash. There was no objection to this testimony. Moreover, terms of the sale and whether Roberts was able to pay for the property was not the reason Minter refused to sell the property. The chancellor was fully justified in finding the facts in accordance with Hart's testimony that when he telephoned Minter he had found a purchaser for the property, Minter replied he "didn't give a dern who I had sold it to that he was not gonna sell it." In his testimony Minter gave several reasons why he refused the offer, but the chancellor had a right to believe that Minter gave the correct reason for not selling the property when he testified as follows: "Q. Well, what is your reason for not wanting to sell it? A. I want to keep it. It's mine." Minter categorically refused to go through with the sale upon being advised by Hart that he had found a purchaser, and may not now argue that Hart failed to prove Roberts was financially able to go through with the sale. This case is not unlike Lizana v. Brown Realty Co., 146 Miss. 758, 111 So. 867 (1927) where the seller, upon being notified that the broker had found a purchaser for the property, told the broker that he (the seller) had changed his mind and was not willing to sell the property at the price agreed upon when the broker was employed. In that case the court said:
In other words, a fair interpretation of the testimony demonstrates that, in refusing to consummate the contract, the appellant was controlled alone by the fact that he was not then willing to sell the property for as little as $15,000, and that no other consideration whatever was either controlling or influential in such refusal. Therefore the parties never reached the point of considering the question whether the appellant's wife would join in the conveyance of the property, or whether the terms of the proposed sale were satisfactory to the appellant. The consideration of those matters was cut off short by the appellant, when he declined to consummate the sale because the price was not satisfactory, although he admitted that it was the price at which he had listed the property with appellee for sale. If appellant objected to the terms and conditions of the sale, he was due to point out to appellees the grounds of such objection, so as to give them an opportunity to adjust the matter between appellant and the proposed purchaser. This appellant failed to do. 146 Miss. at 765, 111 So. at 868.
In the instant case Minter is precluded from contending that he refused to consummate the sale for the several reasons argued in his brief. The court was fully justified in finding that Minter had *172 changed his mind and did not want to sell the property at the price agreed upon.
We are of the opinion that the case should be and it is affirmed.
Affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.