HERRING, J.,
for the Court:
¶ 1. Ronald E. Lowe filed a complaint with the Circuit Court of Attala County, Mississippi, seeking a real estate commission he alleged was owed him pursuant to an oral agreement between Kempe Hodges and himself. Lowe alleged that he agreed to act as agent in selling a piece of property for Hodges. The ultimate purchasers came to Hodges through an advertisement that Lowe had placed in a newspaper. Lowe showed the real property to the purchasers, and they subsequently purchased it from Hodges. Thereafter, Hodges refused to pay Lowe a commission on the sale, alleging that there was never any agreement that he do so. Lowe filed suit for the amount of the commission ($1,629) plus attorney’s fees and court costs. Hodges answered and moved to dismiss the action, citing the statute of frauds requirement that any contract for the sale of land must be in writing. The trial court found that the oral agreement to pay Lowe a commission was unenforceable due to the statute of frauds and dismissed the case. Thereafter, Lowe appealed to this Court. We find that the agreement between Lowe and Hodges did not fall within the statute of frauds and was not required to be in writing. Thus, we reverse and remand.
A. THE FACTS
¶ 2. Ronald E. Lowe is engaged in the real estate business in Attala County, Mississippi. Lowe claims that he was contacted by Kempe Hodges to help him with the sale of real estate belonging to Hodges. Lowe asserts that he orally agreed to advertise the Hodges property and to show the land to prospective buyers for Hodges, in exchange for a commission on the sale price. Lowe further claims that he and Hodges agreed that Lowe would attempt to sell the land for the sum of $800 per acre, and Lowe would lower his regular commission to three percent of the sales price. Lowe showed the property to several clients, and also placed signs on and advertised the property in a local Attala County newspaper. Finally, he arranged for the sale of the property to Randall Hodges[1] and Tammy Criswell for the sum of $54,320. As stated, Hodges refused to pay Lowe a commission after the sale, and Lowe filed this action for the amount of his commission, plus attorney’s fees and court costs.
¶ 3. Both parties agree at some time during the summer of 1996, Hodges and Lowe *1290 discussed the property in question and the possibility of Lowe attempting to sell the land for Hodges. However, whether or not an oral agreement between the parties existed is contested. Hodges claims that no agreement was ever reached, while Lowe contends that an oral agreement was reached between the parties that Lowe would attempt to sell the property and receive a commission for doing so. Both parties agreed that any such agreement was not in writing. Hodges claims there was no such agreement at all and that he knew nothing of Lowe’s efforts to sell the land.
¶ 4. The trial court dismissed Lowe’s complaint on the basis that if any such oral agreement existed, it was in violation of the statute of frauds and was therefore unenforceable. The trial court also ordered Lowe to pay the attorney’s fees which Hodges incurred while defending Lowe’s lawsuit against him.
B. THE ISSUES
¶ 5. Lowe raises the following assignments of error on appeal which are taken verbatim from his brief:
I. THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT’S MOTION TO PREVAIL WITHOUT TESTIMONY FROM THE APPELLANT TO SHOW THAT THE DOCTRINE OF EQUITABLE ESTOPPLE EXISTED BY VIRTUE OF THE FACTS OF THE CASE AND THE ACTIONS TAKEN BY THE PARTIES.
II. THE TRIAL COURT ERRED BY FAILING TO ALLOW EVIDENCE TO SHOW THAT AUTHORITY FROM A LAND OWNER IN FAVOR OF ANOTHER TO SELL THE SAME IS NOT REQUIRED TO BE IN WRITING.
III. THE TRIAL COURT ERRED BY FAILING TO ALLOW EVIDENCE THAT THE STATUTE OF FRAUDS DOES NOT AFFECT AN AGENTS RIGHTS TO COMPENSATION FOR SELLING LAND PURSUANT TO ORAL INSTRUCTIONS.
IV.THE TRIAL COURT ERRED BY FAILING TO ALLOW EVIDENCE TO DEMONSTRATE THAT A CONTRACT TO FIND A PURCHASER FOR DEFENDANTS LAND AND RECEIVE THEREFORE A PART OF THE PROCEEDS OF THE SALE IS NOT A CONTRACT FOR THE SALE OF LAND, AND THEREFORE NEED NOT BE IN WRITING.
C. ANALYSIS
¶ 6. The primary issues presented to this Court on appeal originated from an undesig-nated motion to dismiss filed with the trial court which is essentially a motion filed pursuant to Rule 12 of the Mississippi Rules of Civil Procedure. In this regard,
“Rule 12(b)(6) and 12(c) serve the same function, practically, as the general demurrer. See Investors Syndicate of America, Inc. v. City of Indian Rocks Beach, Florida, 434 F.2d 871, 874 (6th Cir.1970). They are the proper motions for testing the legal sufficiency of the complaint; to grant the motions there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could he proved in support of the claim.” M.R.C.P. 12 cmt. (emphasis added).
¶ 7. The court below granted the motion to dismiss filed by Hodges based upon the fact that any agreement between Lowe and Hodges was not in writing and was, therefore, in violation of the statute of frauds. Mississippi’s statute of frauds is found in Miss.Code Ann. § 15-3-l(c) (Rev.1995), and that portion of the statute which is pertinent to this case reads as follows:
§ 15-3-1. Certain contracts to be in writing.
An action shall not be brought whereby to charge a defendant or other party:
[[Image here]]
(c) upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year;
[[Image here]]
*1291 unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in wilting, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.
At the hearing on the motion, Hodges did not affirm or dispute whether such an agreement existed. He merely argued that even if such an agreement existed between the parties, the agreement was unenforceable due to the statute of frauds’s writing requirement.
¶ 8. Lowe raises four issues in his appeal to this Court. His first issue is whether the doctrine of equitable estoppel allowed an exception to the statute of frauds defense asserted by the appellee. His second, third, and fourth issues address the statute of frauds’s wilting requirement, and he claims that the statute of frauds does not apply to an agreement between the owner of the land and a real estate broker. We will not address whether an exception to the statute of frauds can be raised pursuant to the doctrine of equitable estoppel, because we find that the agreement in question does not fall within the statute of frauds. The outcome of this case can be determined based upon an interpretation of the statute of frauds itself.
¶ 9. As stated by the appellee in his brief to this Court, the sale of real estate is controlled by the statute of frauds. However, this case does not center around a contract for the sale of land. Rather, this case focuses on whether a contract to sell the land of another for a commission is required to be in wilting. The Mississippi Supreme Court has addressed this exact issue and has found that an agreement employing one person as the real estate broker of another “does not have to be in writing but may be implied from the circumstances.” Carmichael v. Agur Realty Co., Inc., 574 So.2d 603, 608-09 (Miss.1990). In Minter v. Hart, 208 So.2d 169, 170 (Miss.1968), the court distinguished between a contract for the sale of land and a contract for realty or brokerage services, and stated:
A contract for the sale of land must be in writing under the statute of frauds. A contract employing a broker to find a purchaser for land may be oral.
Twenty-two years later in the Carmichael case, the supreme court stated:
Such a contract will be implied if [Lowe] acted with the loyalty a broker owes his principal and performed services for [Hodges] under circumstances giving [Hodges] reason to think the services were not gratuitous but were provided with the expectation of compensation and, further, if it may be said that those services were beneficial to [Hodges]. Where, as here, the existence of a contract for realty and brokerage services is disputed, the matter becomes one of fact to be resolved by the trier of fact.
Carmichael, 574 So.2d at 608-09 (citations omitted).
¶ 10. In Hill v. Capps, 248 Miss. 601, 160 So.2d 186 (Miss.1964), the supreme court decided a case based on virtually identical facts as found in the case sub judice. In Hill, Capps alleged that during a gin rummy game between Hill and himself, the two men discussed the possibility of Capps trying to sell land for Hill on a five percent commission. Capps claimed he was given permission to attempt to sell the land, but Hill denied that there was any such oral agreement or contract for the sale. In resolving the dispute between Hill and Capps, our supreme court concluded that a contract for payment of a brokerage agent in relation to the sale of land does not have to be in writing. Hill, 248 Miss. at 611, 160 So.2d at 190. In 1980, the United States Court of Appeals for the Fifth Circuit also ruled, “while a contract for the sale of land must be in writing under the statute of frauds, Miss.Code Ann. § 15-3-1(c) (1972), in Mississippi, a contract employing a real estate broker may be oral.” Lynn B. Jefcoat v. Singer Hous. Co., 619 F.2d 539, 543 (5th Cir.1980).
¶ 11. We find that the agreement between Lowe and Hodges was not required to be in writing by the statute of frauds and the issue of whether the two men had an oral agreement was an issue for the jury. Accordingly, *1292 we reverse and remand this case for further proceedings. We also set aside the judgment of the trial court requiring Lowe to pay attorneys fee’s and other expenses incurred by Hodges in these proceedings.
¶ 12. THE JUDGMENT OF THE ATTA-LA COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS OPINION ARE ASSESSED TO THE APPELLEE.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.

. The record does not reveal if Randall Hodges is of any relation to Kempe Hodges.