JAYNE v. W. B. NASH LUMBER CO.

[66 South. 813.]

APPEAL AND ERROR. *Supersedeas. Bond. Sureties.*

Where a judgment is rendered against the principal and his sureties on a bond, the sureties become parties to the judgment, and on appeal therefrom, they cannot again act as sureties on the appeal bond. It is otherwise where the judgment is rendered only against the principal.

APPEAL from the circuit court of Rankin county.
HON. C. L. DOBBS, Judge.

Suit by R. K. Jayne against W. B. Nash Lumber Company. From a judgment for defendant, plaintiff appeals. On motion to require a new appeal bond or to discharge the *supersedeas*, motion sustained and cause dismissed unless a proper appeal bond is executed.

The facts are fully stated in the opinion of the court.

*Butler, Esterling & Potter,* for the motion.

*J. B. Ricketts,* opposed.

SMITH, C. J., delivered the opinion of the court.

Appellant instituted this suit in the court below by attachment with Peter Fairley and T. J. O'Ferrall, as sureties on his attachment bond. The cause came on for

trial on appellee's plea in abatement, and there was a verdict and judgment that the attachment was wrongfully sued out, and awarding appellee damages in the sum of five hundred dollars. The sureties on appellant's appeal bond are Fairley and O'Ferrall, the same parties who were the sureties on his attachment bond, and the cause now comes on to be heard on motion of appellee to require appellant to give a new bond, and, in lieu thereof, that the *supersedeas* be discharged.

The ground of this motion is that the sureties on the attachment bond, and against whom judgment was rendered in the court below, are necessary parties to this appeal, and therefore cannot act as sureties on the appeal bond. While the authorities seem not to be altogether harmonious on this subject, the rule supported by the greater weight thereof seems to be as stated in 1 Enc. Plead. & Prac. 1004, that:

"Where a judgment is rendered on a bond against a principal and his sureties thereon, the sureties become parties to the judgment, and on appeal therefrom they cannot again act as sureties on the appeal bond. It is otherwise where the judgment is rendered only against the principal."

See, also, 2 Cyc. 831.

The judgment appealed from is a joint judgment against appellant and the sureties on his appeal bond, and, by executing this bond these parties have simply obtained a *supersedeas* of the judgment against them, so that, in truth and in fact, all of them are principals and the bond contains no real sureties. It is true that the sureties have not appealed from this judgment, neither are they necessary parties thereto; but nevertheless the *supersedeas* thereby obtained inures as much to their benefit as it does to that of appellant.

The motion will be sustained, and the cause will be dismissed, unless appellant shall execute a proper appeal bond within thirty days.