RUSSELL *v.* JOHNSON.

[89 South. 773. No. 21960.]

BROKERS. *Cannot recover commission, where evidence is insufficient to establish express or implied agency contract.*

In order for a real estate agent to recover for services rendered a party in making a sale of real estate, there must be a contract, express or implied, creating the relation of principal and agent. The evidence examined, and *held* insufficient to create such contract, and hence a peremptory instruction in favor of the defendant was proper.

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Action by A. G. Russell against Fannie W. Johnson, in which the plaintiff died and Elizabeth N. Russell was substituted as his administratrix. Judgment for the defendant, and the plaintiff appeals. Affirmed.

*Watson & Jayne, D. H. Thames,* and *H. Cassedy Holden,* for appellant.

The first consideration in determining whether a broker is entitled to compensation is the contract of employment. A broker must have been employed to handle the transaction in which he rendered service for which he claims compensation. Was there a contract of employment in this case?

The employment and corresponding agreement to pay commissions may be implied from the circumstances. If the principal accepts the benefit of the broker's services with the knowledge that he expects to be paid therefor, and a sale is made through the broker, the latter is entitled to compensation. *Millard* v. *Loser,* 52 Col. 205, 121 Pac. 156; *Maxwell* v. *Massachusetts Title Insurance Company,* 206 Mass. 197, 92 N. E. 42; *Annabil* v. *Traverse Land Company,* 108 Minn. 37, 121 N. W. 233.

Where the conversation of the parties, their subsequent conduct and the circumstances of the transaction show the vendor must have known that the services were offered for his benefit—were to be employed in his behalf alone and that they were being offered by the broker with the expectation of receiving the usual commission for them, the acceptance by the vendor will imply an agreement for the employment of the broker as his agent, and will be sufficient to establish between them the confidential relation of principal and agent. *Ballentine* v. *Mercer,* (Mo.), 109 S. W. 1037.

In *Wilson* v. *Sears* (Tex.), 166 S. W. 38, it was held that where the owner told a broker to look around and find a purchaser and the owner sold to the purchaser with whom she came in touch through the broker, knowing he had shown the land to such purchaser, the law implies a promise to pay the broker's commission. See, also, *Gault* v. *Bradshaw,* (Wash.), 93 Pac. 534.

One for whom a broker may assume to act without authority may, by accepting the benefits of the broker's service, ratify the act and so become liable for compensation, provided he does so with the knowledge that the broker assume to act for him as such. *Levy* v. *Wolff* (Calif.), 84 Pac. 313; *Slemm* v. *Gavin* (Ill.), 99 N. E. 663; *Bond* v. *Humbird* (Md.), 85 A. 943; *Downing* v. *Buck* (Mich.), 98 N. W. 388.

It is not necessary to reduce to writing an agreement with a broker for the sale of land, and the failure to do so does not affect the agent's right to compensation for sell-

57

ing land pursuant to oral instructions. *Hancock* v. *Dodge,* 85 Miss. 228, 37 So. 711; *Cooke* v. *Smith,* 119 Miss. 375, 80 So. 777. No writing being necessary, the record discloses beyond any doubt that Mrs. Johnson, the owner of Panther Burn plantation personally authorized Mr. Russell to sell the place or to procure McGee, Dean & Company as a purchaser of the place, the sale to be made by her through Mr. Parker.

Mrs. Johnson and Mr. Parker both denied that they had ever in any way or manner authorized Russell to sell the property. So that the evidence on this phase of the controversy presented a sharp conflict which should have been referred to the jury. It is undoubtedly within the province of the jury to decide whether a person is in fact employed as a broker and authorized to perform the acts on which he bases his right to compensation. *Gamble* v. *Cleveland Cliff's Iron Company,* 158 Fed. 49; *Plyner* v. *Hartford etc., Transportation Company,* 103 Fed. 674; *Stevens* v. *Bailey,* (Ala.), 42 So. 740; *Wheeler* v. *Lawler* (Mass.), 1100 N. E. 273; *Titus* v. *Annis* (N. H.), 93 A. 114; *Longstreth* v. *Horb* (N. Y.), 44 A. 934; *Affut* v. *Barrett,* 106 Miss. 31, 63 So. 333. Likewise, questions of ratification are questions of fact to be left to the jury under proper instructions. *Blakesley* v. *Peabody* (Mich.), 147 N. W. 570; *McMullin* v. *Reighard* (Pa.), 92 A. 747; *Genter* v. *Conglomerate Mining Company* (Utah), 64 Pac. 362. The question of the employment or nonemployment of Mr. Russell should have been submitted to the jury in view of the fact that he maintained that he was employed by Mrs. Johnson and Mr. Parker denied any employment.

*Hirsh, Dent & Landau,* for appellee.

A broker must be employed to sell or he cannot recover. Russell, the plaintiff, was never employed. It is, of course, elementary that a broker must be employed before he is entitled to any compensation. 9 Corpus Juris, 554. "In the absence of an employment, authorizing a real estate

agent to find a purchaser for or to make a sale of real estate, by the owner, no commission for an attempted sale can be recovered."

A letter by a real estate agent to the owner, inquiring the price of a farm, and a reply from the owner stating that he would take four thousand dollars net, does not upon its face authorize the real estate agent to find a purchaser for or to make a sale of the farm upon such terms. *Johnson* v. *Whalen*, (Supreme Court of Oklahoma.), Sept. 10, 1903, 74 Pac. 503.

The court said (p. 504) : "There is only one question necessary to be considered by this court. To entitle a real estate agent to recover the commission for the sale of property, he must show the employment." Lawson's Rights, Remedies & Practice, Vol. 1, sec. 226; 4 Ruling Case Law, sec. 43, p. 208.

"To entitle a broker to compensation, he must have been employed to negotiate the transaction in connection with which his services were rendered. In the absence of such employment, or in other words, where the broker acts as a mere volunteer, he is not entitled to compensation, although his services are the efficient cause of bringing the parties together and result in a sale or other contract between them." 9 Corpus Juris, pp. 554-555.

The time of employment is immaterial if the broker was actually employed, but a promise to pay for past services voluntarily rendered by a broker is not binding unless such promise is based on a present consideration. Ibid, 555. *Welch* v. *Collenbaugh*, 150 Iowa, 692, 130 N. W. 792 (holding that a real estate broker cannot recover commissions on a *quantum meruit* or otherwise without showing a contract of employment, express or implied) ; *Rood* v. *Starver Carriage Co.*, 133 Iowa, 387, 108 N. W. 464; *Cable* v. *Buchanan*, 109 Iowa, 661, 80 N. W. 1066; Note Ibid, p. 554.

Before a broker can recover a commission from a seller on account of a sale of any property or commodity, he must have a specific agreement with the seller for the payment of

such commission or the course of dealing must have been such as will clearly imply a promise to pay commissions. *Morrison Mill Co.* v. *American Mercantile Co.,* 74 Wash. 452, 457, 133 Pac. 1033; Note Ibid, p. 555. *Ballentine* v. *Mercer,* 130 Mo. App. 603, 109 S. W. 1037; *McDonnell* v. *Stevinson,* 104 Mo. App. 191, 77 S. W. 766 (holding that, in an action to recover on an alleged contract for the payment of a commission for the sale of land, mere proof by plaintiff that he produced a customer able and willing to purchase at the agreed price, without showing that defendant agreed to pay a commission for finding a purchaser, is insufficient to entitle plaintiff to recover, since in such case no recovery can be had on à *quantum meruit.*) Note Ibid, p. 555.

(A)   It is well settled that if a broker, without a previous request, brings a customer to a vendor, and the latter without further acceptance of the broker's services, takes the customer, the broker is not entitled to compensation. An owner is not obliged to refuse a possible customer because services which he has not requested have been obtruded upon him, nor can he be enticed into liability for commissions without his knowledge.  .  .  .   In order to entitle the broker to commissions there must either be an actual employment or a ratification and acceptance of the broker's acts. *Campbell Printing Press, etc., Co.* v. *Yorkston,* 11 Misc. 340, 344, 32 N. Y. S. 263.

(B)   A broker is not entitled to commissions, where he merely voluntarily introduced a person who made an offer for the property which was rejected, although the same person subsequently purchased the property through negotiations with other persons. *Albert Booth Cohn Co.* v. *Lee,* 132 App. Div. 697, 117 N. Y. S. 550; Note Ibid, p. 555.

Mississippi Cases:   A broker must find a purchaser ready, able and willing to buy on the terms prescribed by the owner.   Mr. Russell's letters and telegrams, and his own testimony, abundantly show that he did not, at any time, know the terms on which Mrs. Johnson was willing to sell the property.

"Brokers who were authorized to sell property at a certain price and promised a certain amount as compensation if they procured a purchaser, are not entitled to a commission, though the one with whom they had negotiations which ended in failure, after abandoning the idea of buying on any terms made through the brokers, was induced by a friend and the owner to buy the property at a reduced price. *Swain* v. *Pitts*, 120 Mass. 578; *Sullivan* v. *Turner,* 120 Miss. 481, 482 *More et al.* v. *Rich,* 124 Miss. 283.

The evidence, of course, establishes beyond any question that plaintiff was never employed to make any sale, and that he was acting on his own behalf, seeking to induce some party to purchase, and even went to the length of attempting to sell to a lumber company which could not, under the laws of this state, purchase the lands for agricultural purposes. Section 4117 Hemingway's Code, as amended March 27, 1918.

ETHRIDGE, J., delivered the opinion of the court.

A. G. Russell, husband of the appellant and the original plaintiff who died pending suit, brought suit against appellee for fifty thousand dollars, claimed as commission as real estate agent for services in the sale of Panther Burn Plantation. There was a peremptory instruction for the appellee in the court below, and judgment entered thereon, from which judgment this appeal is prosecuted. There is in the record considerable correspondence and evidence, but we think it would be useless to undertake to set it out. After a painstaking consideration of all of the evidence, including the correspondence, we think plaintiff failed to establish contractual relations between himself and the appellee so as to entitle him to the commission claimed. There was a studious effort on the part of the defendant to avoid any understanding or agreement that would place her under any obligations to the plaintiff. The only proposition made plaintiff by the defendant at all was to consider any

offer submitted by the plaintiff or his clients for the purchase of this property. No offer of purchase was made under any such conditions and terms as could be accepted without further negotiations, and no sale was made by the plaintiff, nor were any terms of sale ever given him by the defendant. The evidence completely fails to establish such contractual relations as would entitle plaintiff to recover, and the peremptory instruction for the defendant was proper.

*Affirmed.*