HOLLISTER *v.* FRELLSEN.*

(Division B.    Oct. 31, 1927.    Suggestion of Error Overruled Nov. 28, 1927.)

[114 So. 385.    No. 26639.]

1. CONTRACTS. *To constitute contract by telegram or correspondence, minds of parties must meet on same proposals and acceptance; to constitute contract by telegram or correspondence, acceptance of proposal must be as made.*

   In order to constitute a contract by telegram or correspondence, it is necessary for the minds of the parties to meet on the same proposals and acceptance. The acceptance of the proposal must be as made.

2. CONTRACTS. *Unilateral contract signed by party may be withdrawn before other party has performed act binding contract.*

   Where a unilateral contract is signed by a party, it may be withdrawn at any time before the other party has performed an act binding the contract upon his part.

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 263, n. 74, 78; p. 264, n. 80; p. 272, n. 48; p. 293, n. 30; p. 298, n. 82, 83, 85; p. 300, n. 7; p. 301, n. 8. As to when contract deem to be complete when offer and acceptance is by telegram, see 6 R. C. L. 614; 2 R. C. L. Supp. 166; 6 R. C. L. Supp. 400.

APPEAL from circuit court of Jackson county.

HON. W. A. WHITE, Judge.

Attachment suit by Rudolph M. Frellsen against J. J. Hollister to recover commissions for the sale of real estate. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Colmer & Herring,* for appellant.

I. Before a broker can maintain an action on a contract for commissions there must have been some contractual relationship of employment between the broker and the owner of the property either express or implied. 90 Fla. 357; 106 So. 77; 4 R. C. L. 298-9; 19 Cyc. 219, 240, 275, 278; 192 Ill. App. 270; *Myers & King* v. *Coleman,* 93 Miss. 226, 46 So. 249; 226 S. W. 463 (Texas); *Kolb* v. *Bennett Land Co.,* 74 Miss. 267, 21 So. 233; *Jayne* v. *Drake,* 41 So. 372; 106 N. E. 304 (Ohio); 139 Pac. 131 (Okla.).

The position of the appellant here is that the plaintiff in the trial of the case in the lower court failed to establish a contract either express or implied and, therefore, the court should have granted the defendant a peremptory instruction. This case falls within the rule announced in *Myers & King* v. *Coleman,* 93 Miss. 226, 46 So. 249. See, also, 4 R. C. L., page 299; *Geier* v. *Howells,* 47 Colo. 345, 107 Pac. 255, 27 L. R. A. (N. S.) 786, 139 A. S. R. 227-28; 19 Cyc. 219.

II. A unilateral statement made at the request of the broker is revocable at will by the maker without notice of revocation and without liability to the maker where no contractual relationship existed or could be based on the statement. *Kolb* v. *Bennett Land Co.,* 74 Miss. 567, 21 So. 233; *Jayne* v. *Drake,* 41 So. 373; *Comstock Bros.* v. *North,* 41 So. 374, 4 R. C. L., par. 12; 125 S. W. 148 (Ky.).

The courts seem to have universally held that a sale, contract of sale or any other act of the principal incon-

sistent with his previous statements or authority to a broker or his agent will constitute a revocation of any further proceedings under pending negotiations. The question regarding notice of revocation which has arisen in actions between brokers and owners is not involved in this case for the reason that there was no con-.tractual relationship existing between the plaintiff and the defendant, nor was there any employment of the plaintiff by defendant to sell the land, nor any request express or implied that he represent him in any capacity. Therefore, the defendant was under no obligation to notify the plaintiff that he had made a sale of the land prior to the plaintiff's client's offer.

That a unilateral offer or statement to a broker will be revoked by a subsequent sale by the principal in person or through another agent is, we think, unquestioned.

*Ford, White, Graham & Gautier,* for appellee.

Was there a contract between Hollister and Frellsen? A reading of the telegrams between Hollister and Frellsen answers this question in the affirmative. It will be noted that the telegram authorized and directed Frellsen to sell bungalow at a certain price, on fixed terms, and fixes the commission to be paid to Frellsen if he makes the sale within the time provided. It would be impossible in a telegram of such few words to express the intention of the sender more succinctly and definitely, yet appellant's counsel makes much over the telegram and contends that the telegrams do not constitute a contract between the parties, insisting and arguing at length that Hollister merely gave Frellsen the right to buy the property and that further communication between the parties was necessary before a contract could have been entered into.

We submit, as a proposition of law, that while the seller of real estate may revoke the power of an agent before the agent performs his agreement, a seller can-

not repudiate to deprive the agent of commission after a purchaser is obtained who is ready, able and willing to carry out the contract. *Cook* v. *Smith,* 119 Miss. 375; *Long* v. *Griffith,* 113 Miss. 659; *Jenny* v. *Smith-Powell Realty Co.,* 125 Miss. 605; *Keller* v. *Jones & Warden,* 72 So. 89; *Myers et, al.* v. *Coleman,* 93 Miss. 226, is not on all fours with the present case. A mere reading of that case shows that there is not any similarity.

It is a well-established principle of law based upon decision of all jurisdictions that where the husband who owns a homestead lists it with a broker for sale, and the broker produces a purchaser ready, able, and willing to buy and the sale is not consummated because of the wife's refusal to sign the deed, the broker earns his commission and may recover it at law. *Tebo* v. *Mitchell,* 63 Atl. 327, 5 Pennewill 356; *Staley* v. *Hufford,* 85 Pac. 763, 73 Kan. 686; *Cook* v. *Fryer,* 3 Ky. Law Rep. 612; *Martin* v. *Sipprell,* 101 N. W. 169, 93 Minn. 271; *Young* v. *Ruhwedel,* 96 S. W. 228, 119 Mo. App. 231; *Goldberg* v. *Gelles,* 68 N. Y. 400; 33 Miss. 797; *Fleming* v. *Hattan,* 142 Pac. 971, 92 Kan. 948; *Johnson* v. *Frier,* 210 Pac. 966; *Cofield* v. *McGraw & Garner,* 77 So. 981; *Chandler* v. *Gaines-Ferguson Realty Co.,* 224 S. W. 484; *Morgan* v. *Whatley & Whatley,* 87 So. 846; *Carson* v. *Brown,* 229 S. W. 673; *Cotten* v. *Willingham,* 232 S. W. 572.

It is contended that Hollister sold this property after he had listed it with Frellsen and that the sale was a revocation of Frellsen's authority. Appellant attempted to prove a prior sale by introducing a night letter of October 19th, from Bacot to Hollister, and by introducing a purported contract, which in fact was an offer of Mrs. Coleman to Harry W. Fitzpatrick to purchase this place.

The court properly excluded the night letter because anything Bacot stated to the witness, Hollister, would not be competent on the trial between plaintiff and defendant and the telegram from Bacot to defendant at most was a request for authority to sell on terms stated in the telegram.

The court excluded the purported contract with Fitz-patrick because the purported contract was not a con-tract between Mrs. Louise B. Coleman and the defendant Hollister, but merely a proposition made by Mrs. Cole-man to Fitzpatrick.

It is our further contention that the telegrams between Hollister and Frellsen constituted Frellsen an exclusive agent for the sale of the property from October 17th to November 1st, and in support of that contention, see *Hardwick* v. *Marsh,* 130 S. W. 524 (Ark.); *Blumenthal & Co.* v. *Bridges,* 120 S. W. 974.

In this case we recognize that where a listing of prop-erty with a broker is not supported either by money consideration or a definite promise to sell, such listing may be cancelled at any time *before the agent has ac-tually made a sale.* However, when he has brought the owner a purchaser who is able, ready and willing to buy on the terms of the listing, all the authorities are to the effect that he is entitled to his commission.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Hollister, owned a bungalow, situated on the beach at Pascagoula, Jackson county, Miss., which was the only real estate owned by him in that county. He lived there with his wife and family for some time prior to April, 1925, at which time he went to Rochester, N. Y. In July or August of that year, his family joined him in New York and continued to live there until this case was tried.

The appellee, Frellsen, was a real estate broker in the city of Pascagoula, Miss. The mother of the appellant, Hollister, some time prior to the transaction herein in-volved, advised Frellsen that her son was anxious to sell his property. During the summer and fall of 1925, there was considerable real estate activity at Pascagoula; and the appellee, Frellsen, while showing a lot adjacent to the property of the appellant to a customer, one Van

Buren, was asked by him whether or not Hollister's property was for sale, and, if so, that he desired and was willing to buy the property if it could be secured. Frellsen then wired Hollister at Rochester, N. Y., on October 16, 1925, as follows:

"Wire quick best cash price your beach bungalow including five per cent. commission for me."

Hollister's answer to this wire, on October 17, 1925, was:

"Retel offer bungalow six thousand cash five per cent. you until November first."

After receiving this wire, Frellsen took up negotiation with the customer, Van Buren, who agreed to buy the lot at the price named, six thousand dollars, and gave Frellsen his check for six hundred dollars to bind the sale. On the next day, October 20, 1925, the check given was deposited in escrow with a bank in Pascagoula, and a receipt was taken showing that the balance was to be paid when satisfactory abstract and conveyance were furnished. On the same day, Frellsen wired Hollister as follows:

"Your wire seventeenth. Sold your beach property yesterday, placed six hundred dollars in Pascagoula National Bank, balance to be paid when deed and abstract furnished."

On the same date, Hollister's reply to the wire was:

"Retel beach property sold prior your offer,"

—and demand was made upon Hollister, by Frellsen, for the commission earned, which demand was refused by the appellant. Thereupon suit was brought by attachment in the circuit court against the appellant, Hollister, as a nonresident. Hollister deposited in court three hundred dollars, and the attachment against the property was released, this sum to stand in lieu of the property to satisfy whatever judgment might be rendered against Hollister.

The appellee, Frellsen, proved that his customer was ready, able, and willing to buy on the terms named. The

appellant, Hollister, offered proof to show that he had listed the property with another realtor, Bacot, and that Bacot had sold the property and so advised him prior to receiving Frellsen's wire notifying him of the sale of Frellsen to Van Buren. The court below excluded this evidence and granted a peremptory instruction in favor of the appellee, Frellsen.

It is contended by the appellant, Hollister, that there is no liability under the above transaction, and that the telegram does not constitute an exclusive contract on the part of the appellant to permit the appellee alone to sell the property; on the other hand, the appellee, Frellsen, contends that the contract gave him an exclusive right to sell the property until the 1st of November, and that when he had made the sale by producing a purchaser able, willing, and ready to buy on the terms named within that time, he had earned his commission. The court below accepted the theory of the appellee and granted him a peremptory instruction.

It will be noted that Frellsen's first wire merely asked for the best cash price for the property, including a five ·per cent. commission. In such wire, he did not ask for any exclusive right to sell nor for any time limit in which to make the sale. The reply to the first wire of Frellsen contained in the latter part the words "until November first," which, it is contended, is the stipulation or contractual provision that gives exclusive right to Frellsen until that date. The record does not show any reply to this proposition nor any acceptance of it by Frellsen until the wire of October 20th, at which time a sale has already been made by Hollister.

It seems to us the circumstances given in evidence fail to make a contract of an exclusive nature. It is a well-established rule that to make a contract by correspondence of this kind one party must make a proposition and the other accept the same as made; in other words, the minds of the parties must meet upon a definite proposition and its acceptance as made. The appellee, Frell-

sen, was not bound to accept or undertake the sale of the property with such a time limit. Had he accepted Hollister's proposition, a different question would have arisen, but, without notice to Hollister of an acceptance of this limit—if it be considered a time limit—he proceeded to negotiate with his customer without obligating himself in any manner to Hollister.

We think this case is controlled by *Kolb* v. *Bennett Land Co.,* 74 Miss. 567, 21 So. 233; *Jayne* v. *Drake* (Miss.), 41 So. 372; *Myers* v. *Coleman,* 93 Miss. 226, 46 So. 249; that the court below erred in excluding the proof offered by the appellant, Hollister, to the effect that the property had already been sold by Bacot prior to his receipt of the notice of the sale by the appellee, Frellsen; and that the court erred in granting a peremptory instruction in favor of the appellee, Frellsen. For such errors, the judgment of the court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*