Lewis *v.* Martin *et al.**

(Division B. Nov. 5, 1928.)

[181 So. 609. No. 27366.]

*Corpus Juris-Cyc References: Brokers, 9 CJ, section 74, p. 575, n. 25; section 87, p. 595, n. 29; section 90, p. 604, n. 70.

*Ford, White, Graham & Gautier* and *H. C. Holden,* for appellant.

564

*Gex & Russell* and *W. J. Gex,* for appellees.

Argued orally by *H. C. Holden* and *E. J. Ford,* for appellant, and *Byron Russell,* for appellee.

ETHRIDGE, P. J. This is an appeal from judgment of the chancery court of Jackson county denying the appellant a commission on the sale of lands owned by the appellee which the appellant claims to have earned by securing from the appellee an option in favor of Ban-

croft, in which option the latter was given the right to purchase the land of appellee within a given number of days after the expiration of an option in favor of other parties.

It appears that the appellant entered into correspondence with the appellee, seeking to sell this land to a customer of hers who desired to purchase land of the kind owned by the appellee for improvement purposes. There was much correspondence introduced in the record, but no definite agreement in the correspondence as to what would be done by the appellant, or who would pay the commission; and there was a conflict in the evidence as to the understanding between the parties. The correspondence finally resulted in giving an option to Bancroft to purchase the land on terms named in the option, which Bancroft was privileged to accept or reject within a given period.

In a former suit by Bancroft, in which practically the same evidence was introduced as in this suit, this court held that the option given by the appellee to Bancroft was without consideration, and was revocable by either party at any time before acceptance, and that the sale to the other parties was a revocation of it, and held that Bancroft had no right to a decree for specific performance. See *Bancroft* v. *Martin,* 144 Miss. 384, 109 So. 859, 111 So. 434.

Without setting out the correspondence or the testimony in this case, we think that all that appellant shows is that she aided in procuring the option for Bancroft, but that Bancroft was not able, willing, and ready to buy until after the land had been sold, and that consequently the appellant did not produce a purchaser, entitling her to a commission. There is nothing in the correspondence that would constitute an agreement to pay a commission, under the circumstances disclosed in this record. Had the appellant secured the acceptance of the option, and if, after such acceptance, the appellee refused to convey

to the holder of the option, and afterwards conveyed to others, she would probably have earned a commission. But, as no binding contract was entered into prior to the sale to third parties, as is shown in the case above referred to, there was nothing which gave the appellant a right to a commission. In addition to this, there was sufficient conflict in the evidence to warrant the chancellor in finding as a fact with the witnesses of appellee.

We therefore think the case is ruled by the principles announced in *Kolb* v. *Bennett Land Co.*, 74 Miss. 567, 21 So. 233; *Hollister* v. *Frellsen*, 148 Miss. 568, 114 So. 385.

The judgment of the court below will therefore be affirmed.

*Affirmed.*