## WILSON *v.* CITY OF LEXINGTON.*

(Division A. Jan. 14, 1929.)

[119 So. 795. No. 27418.]

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 951, p. 1004, n. 47.

*Boothe & Pepper,* for appellant.

*Ruff & Johnson* and *Green, Green & Potter,* for appellee.

SMITH, C. J. The appellant appealed to the court below from an order of the board of mayor and aldermen of the city of Lexington, assessing property owned by him for the payment of its proportion of the cost of paving a street adjacent thereto, with G. W. Stigler and R. T. Kimbrough sureties on the appeal bond executed by him therefor.

The assessment was approved by the court below, and a judgment for the amount thereof was rendered against the appellant and the sureties on his appeal bond.

The appellant brought the case to this court, but Stigler and Kimbrough, the sureties on the bond given by him on the appeal from the board of mayor and aldermen to the court below did not join therein, and there was no summons for them, as provided by section 43, Code 1906 (Hemingway's 1927 Code, section 18). The six months within which appeals must be taken has now elapsed, and the appellee has filed this motion for the dismissal of the appeal, on the ground that all of the parties against whom the judgment appealed from was rendered did not join therein, and there was no summons for the absent parties.

Section 43, Code 1906 (Hemingway's 1927 Code, section 18), was first enacted in 1880, as section 2319 of the Code then adopted. Prior thereto, this court held in ac-

cordance with the rule in other jurisdictions that, where a judgment was rendered against several parties jointly, a writ of error or an appeal therefrom by one of them to this court must be in the name of all, and, if any of them failed to join in the assignment of error in this court, the one appealing must have the others summoned to appear and join in the writ of error or appeal, and, if they failed so to do, the appellant might then proceed with his writ of error or appeal, but those who were summoned to join therein, and failed so to do, would be thereafter barred from another writ of error or appeal.

This was but an application of the general rule that joint rights of action must be enforced jointly, unless a severance was had, and was to prevent a multiplicity of actions against the party against whom the right was sought to be asserted.

Section 43, Code of 1906 (Hemingway's 1927 Code, section 18), provides that: "Any one or more of the parties to a judgment or decree may appeal therefrom; and if all the parties to a judgment or decree do not join in the appeal, the clerk of the court from which the appeal is taken shall issue a summons, when the appeal is taken, to such as do not join in the appeal to appear before the supreme court, at the return term of the appeal, and unite in the appeal; and if they fail to obey the summons, they shall not afterward have the right of appeal, and the judgment or decree of the court below shall remain in full force against them. . . . The summons to join in appeal may be issued by the clerk of the supreme court at any time after the transcript shall be received by him, if applied to for it."

This statute imposes the duty on the clerk of the court from which an appeal is taken to issue a summons for the parties not joining the appeal, whether requested so to do or not, and, should he fail so to do, either party, the appellant or appellee, may request the clerk of the

supreme court to issue the summons. *Jayne* v. *Nash Lbr. Co.*, 108 Miss. 449, 66 So. 813.

Two questions then here arise: First, does an appellee waive the issuance of the summons contemplated by the statute when he fails to request the clerk of this court to issue it? And, if not, then, second, were Stigler and Kimbrough necessary parties to this appeal?

The first of these questions seems not to have been discussed in any of the cases in which this court has dealt with the statute, and it will not be necessary for us to decide it here, for the second question must be answered in the negative.

The liability of these sureties, Stigler and Kimbrough, is contingent upon that of the appellant, and a reversal of the judgment herein will inure to their benefit, although they have not joined in the appeal. *Jayne* v. *Nash Lbr. Co.*, 108 Miss. 449, 66 So. 813; *U. S. Fidelity & Guaranty Co.* v. *Jackson,* 123 Miss. 676, 86 So. 456. Consequently, as was said in the Jayne case, they are not necessary parties thereto. The case of *Thomas* v. *Wyatt,* 9 Smedes & M. 308, seems to be in conflict herewith. But, if it is, it was departed from in principle in the two cases hereinbefore cited. Compare *Evans* v. *Cheyenne Cement Stone & Brick Co.*, 20 Wyo. 188, 122 P. 588, Ann. Cas. 1914D, 1116.

*Overruled.*