SHOEBRIDGE, et al. *v.*
WILL C. HARTWELL REALTY AND INSURANCE Co., INC.

No. 42353          May 28, 1962          141 So. 2d 558

July 10, 1962          143 So. 2d 432

*Everett E. Cook,* Gulfport; *Forrest B. Jackson,* Jackson, for appellants.

*White, Buntin & Martin,* Gulfport, for appellee.

RODGERS, J.

This is an appeal from a final judgment of the Circuit Court of Harrison County, Mississippi, which affirmed a judgment of the County Court, sitting without a jury, for the sum of $1,147.50 in favor of appellee, and against appellants, Edward R. Shoebridge, Dorothy M. Shoebridge, Leonard Schultz and Helen E. Schultz. This suit grew out of a claim for an alleged brokerage commission said to have been due appellee for the sale of certain real property located in Harrison County. The declaration filed in the County Court did not allege that the property involved in the sale was listed with appellee and this fact was brought to the attention of the court. Appellee made a motion during the trial to

amend the declaration so as to conform with the proof and show that the property was listed with him for sale. The judge of the county court permitted the amendment, but the amendment was never made to the declaration.

It appears from the record that one E. H. Hemphill was an agent and salesman for appellee, and that he went to Oakmont Street and called upon the owner of the property, Edward R. Shoebridge, and told him that he wanted to sell the house he was in the process of constructing, that he was a real estate agent for appellee, making certain notations on cards at the time. Mr. Hemphill testified that Mr. Shoebridge told him that he wanted to sell his home and stated ''I got the impression from him that he wanted to sell the other houses but he wanted to sell 21 also.'' Mr. Hemphill knew Al Schultz, and was told by him that his brother, Leonard Schultz, intended to buy a house, and asked him to go about helping him procure a house for his brother. Appellee's agent Hemphill took Mrs. Al Schultz to look at several houses, two of which Mr. Shoebridge had given him information about. He also advised Mrs. Al Schultz that the home of Mr. Shoebridge was for sale, and he took her to this house. Mr. Shoebridge was leaving at the time he knocked on the door, but he asked his wife to show them over the house. After he had shown the home of Mr. Shoebridge to Mrs. Al Schultz, she advised him that she would get in touch with him again. The agent Hemphill learned later that Leonard Schultz had purchased the home of Edward R. Shoebridge. Mr. Hemphill never knew, nor had any contact with Mr. and Mrs. Leonard Schultz. Upon the trial of the case, Mr. Hemphill testified that Mr. and Mrs. Leonard Schultz neither employed him nor offered to pay him a commission. He was also asked the following question: ''I want to ask you again. Did Mr. and Mrs. Shoebridge ever authorize you to sell this property for

them obligating themselves to pay the commission, or either of them?'' He replied: ''Mr. Cook, when someone gives me information on the house to sell, the matter of commission is automatically included in that permission.'' This agent's testimony indicates that he knew that Mr. Shoebridge was advertising the property for sale and refused to give him a written listing. He thought Mr. Shoebridge had the property listed with other agents, and stated that Mr. Shoebridge said: ''I am giving you all the same break, you are all getting the same commission.'' Defendants denied that Mr. Hemphill brought them together, and denied that he had anything to do with the sale of the property. They admitted that expenses of the sale were discussed and that Al Schultz thought that something should be paid to Mr. Hemphill as a friendly gesture.

At the close of the trial, appellant moved the court for a directed verdict for defendants, and after this motion was overruled and judgment entered, appellants moved the court for a new trial. The motion for a new trial was overruled and appellant appealed to the circuit court, setting out as one of the grounds on which reversal of the judgment was sought ''The court erred in finding for the Plaintiffs and rendering a judgment against the defendants herein.'' We think appellant was correct in his contention. There is no testimony on which a judgment for conspiracy, ''conspiring to deprive plaintiff of its rightfully owed commission'', can be based against any of defendants. The agent Hemphill admitted he had no contract or understanding with Mr. and Mrs. Leonard Schultz, and they were not obligated to pay Mr. Hemphill a commission because of the voluntary assistance of Mr. and Mrs. Al Schultz. There is nothing in the record to show that Mrs. Edward R. Shoebridge was under any obligation to pay a commission to appellee nor its agent Hemphill. The testimony of Mr. Hemphill shows clearly that Edward R. Shoebridge was

trying to sell his property himself, and had advertised in a newspaper. Taking the strongest testimony of appellee, together with all its implication as to an implied contract, it amounts to nothing more than a statement that Mr. Shoebridge would pay a commission to Mr. Hemphill if he would bring him a "deal." Mr. Hemphill did not bring a "deal", he brought Mrs. Al Schultz, and she was not an authorized agent of Leonard Schultz.

■■ ■ This Court pointed out in the syllabus of the case of Russell v. Johnson, 126 Miss. 896, 89 So. 773, that "In order for a real estate agent to recover for services rendered a party in making a sale of real estate, there must be a contract, expressed or implied, creating the relation of principal and agent." See also Lewis v. Martin, 151 Miss. 563, 118 So. 609; Case v. Harrison, 192 Miss. 531, 6 So. 2d 582; Kimbrough v. Smith, 201 Miss. 202, 28 So. 2d 850; 12 C. J. S., Brokers, Sec. 60, p. 134.

The textwriter in 8 Am. Jur., Brokers, Sec. 159, p. 1079, said that: "The owner must say or do something tending to prove that he accepted the broker as his agent in the matter — something more than merely selling to the party whom the broker, while acting as a volunteer, brought to him. His mere consent to the rendition of unsolicited services in effecting a sale of his property is not sufficient to justify the inference that he intends to enter into contractual relations with the broker and to pay him for his services. Nor does the mere asking and receiving of the price of property constitute the broker the agent of the owner, entitling him to commissions, although he finds a purchaser, or the owner subsequently disposes of the property to one with whom the broker had negotiated."

The testimony in this case shows that Mr. Hemphill, salesman for appellee, did not act as agent for Edward R. Shoebridge in the sale of his home. The judgment of the circuit court affirming the judgment of the county

court, should be reversed, and a judgment entered here in favor of appellants.

The judgment of the circuit court and of the county court are therefore reversed, and a judgment in favor of appellants will be entered by this Court.

Reversed and remanded.

*Lee, P. J.,* and *Gillespie, McElroy,* and *Jones, JJ.,* concur.

## ON MOTIONS OF APPELLANT AND APPELLEE

Rodgers, J.

The foregoing cause, heretofore reported in 141 So. 2d 558, is again before this Court on two motions to correct the former judgment. The first motion was filed by appellants, including the sureties of the bond of the original defendants, asking that the judgment of this Court dismissing the appeal of Al Schultz and Bernice Schultz, sureties, be set aside, and that the final judgment in favor of the original defendants, be amended so as to include the sureties. The second motion was filed by appellee, requesting this Court to correct the final judgment so as to clearly indicate that Al Schultz and Bernice Schultz, sureties, were not intended to be released by the final judgment of this Court.

The untidy confusion, apparent on the face of the record, came about under the following circumstances. Will C. Hartwell Realty and Insurance Company, Inc. brought a suit against Edward R. Shoebridge, Dorothy M. Shoebridge, Leon Schultz and Helen E. Schultz, to collect an alleged broker's commission. A judgment was entered in the County Court in favor of plaintiff and against the four above-named defendants. Defendants appealed to the Circuit Court, and gave a supersedeas bond, with Al J. Schultz and Helen E. Schultz as sureties. The Circuit Court affirmed the judgment

of the County Court, and granted judgment against the original defendants and also against their sureties, Al and Helen Schultz. The case was then appealed to this Court by the original defendants. The sureties, Al and Helen Schultz, did not appeal from the judgment of the Circuit Court, but again signed a supersedeas bond to the Supreme Court as sureties for the original defendants.

The appellee Realty and Insurance Company filed a motion in the Supreme Court setting out that the supersedeas bond was insufficient for the reason that there were no sureties as required by the statute, because only the parties named in the judgment of the Circuit Court were named in the bond and the case should be dismissed. This Court entered an order March 19, 1962, overruling the motion and allowing the substitution of a new bond. The original defendants and the two sureties filed a new bond, all signing as "principals" and two new sureties were secured on the new supersedeas bond. The appellee Realty and Insurance Company then filed a motion to dismiss the appeal of the two sureties, Al and Bernice Schultz, because it is said they "did not attempt to appeal from the judgment as principals, but instead chose to act as sureties on the appeal bond of the other four appellants." It was therefore argued that since they did not appeal within the statutory ninety days, their appeal should be dismissed. This motion was submitted to another judge of this Court, and since no answer was filed, an order was entered on May 14, 1962, sustaining the motion to dismiss the appeal of the two sureties.

When the case was finally submitted for determination on the merits, this Court reversed the lower courts and rendered a judgment here in favor of defendants. The final judgment did not mention the order entered dismissing the appeal of the sureties. The holding of this Court is not clear, it would appear that although plain-

tiff had no cause of action against the original defendants, nevertheless the sureties would be required to pay plaintiff the full amount of the judgment rendered in the Circuit Court. The injustice of such a conclusion is self-evident.

The fallacy of this reasoning becomes apparent, when we remember that sureties are not parties to a cause of action. ██ ██ They are bound by their contract to stand liable as sureties for the principal named in the bond, and it is not necessary to summon them on appeal to the Supreme Court. See Wilson v. City of Lexington, 153 Miss. 209, 119 So. 795.

██ ██ This Court has pointed out in the case of Jayne v. W. B. Nash Lumber Co., 108 Miss. 449, 66 So. 813, that where a judgment is rendered on a bond against a principal and his sureties thereon, the sureties become parties to the judgment and on appeal therefrom they cannot again act as sureties on the appeal bond, and said: "It is true that the sureties have not appealed from this judgment, neither are they necessary parties thereto; but nevertheless the supersedeas thereby obtained inures as much to their benefit as it does to that of appellant." See also 2 Am. Jur., Appeal and Error, Sec. 240, p. 993.

This Court permitted the filing of a new supersedeas bond in the present case, and the sureties on the former bond in the lower court were not necessary parties on appeal, but as was said in the Nash case, supra: "* * * nevertheless the supersedeas thereby obtained inures as much to their benefit as it does to the appellant."

The motion of appellants to correct judgment — insofar as it applies to the final judgment of this Court dated May 28, 1962, and recorded in Minute Book BM at p. 492 — is sustained. The judgments entered in the County and Circuit Courts are reversed, and the judgment against appellants and Al J. Schultz and Helen E. Schultz as sureties on the supersedeas bond in the

Circuit Court from the judgment of the County Court is set aside and held for naught, and the appellee Will C. Hartwell Realty and Insurance Company, Inc. will be taxed with the cost of court.

The motion of the appellee Will C. Hartwell Realty and Insurance Company, Inc. to correct judgment will be, and is, overruled.

Appellants motion to correct judgment sustained; and appellee's motion to correct judgment overruled.

All Justices concur.